UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23303-CV-COOKE
MAGISTRATE JUDGE REID

JERALD VARGAS MALESPIN,

    Plaintiff,

v.

LONGEVERON INC., GEOFF
GREEN, JAMES CLAVIJO,
JOSHUA M. HARE, DONALD M.
SOFFER, NEIL E. HARE, and
ROCK SOFFER

    Defendants.
_____/

## ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD COUNSEL

This matter is before the Court pursuant to John Bosico and Vladimir Ivanov's Motions to Appoint Lead Plaintiff (the "Motions"). [ECF Nos. 8 and 9]. Pursuant to 28 U.S.C. § 636(b), the Honorable Marcia G. Cooke referred the Motions to the undersigned. [ECF No. 4].

On September 13, 2021, a notice was issued to potential class members in this action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. [ECF No. 8 at 1]. The notice informed the potential class members of, *inter alia*, the Action and their right to move to serve as Lead Plaintiff within 60 days of the date of the issuance of the notice. [*Id*.]. On November 12, 2021, Vladimir Ivanov and John Bosico both filed Motions for Appointment as Lead Plaintiff and Approval of Lead Counsel. *See* [ECF Nos. 8 and 9]. Mr. Ivanov subsequently conceded that he does not have the largest financial interest in the litigation within the meaning of the PSLRA, and thus would not be opposed to Mr. Bosico's appointment

as Lead Counsel. [ECF No. 11]. Indeed, Mr. Bosico alleges $9,840.00 in damages, while Mr. Ivanov alleges only $5,403.00. *See* [ECF Nos. 8 and 9].

Under the PSLRA, a court must "adopt a presumption that the most adequate plaintiff in any private action" under the PSLRA is the person or group of persons that:

   aa. has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

   bb. in the determination of the court, **has the largest financial interest in the relief sought by the class**; and

   cc. otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. John Bosico's Motion to Appoint Lead Plaintiff and Approving Selection of Lead Counsel [ECF No. 8] is **GRANTED**. The Court finds that Mr. Bosico satisfies the requirements for appointment as Lead Plaintiff pursuant to the PSLRA and the typicality and adequacy requirements of Fed. R. Civ. P. 23;

2. Mr. Bosico's choice of counsel is approved. Accordingly, the Court appoints Rosen Law Firm, P.A. as Lead Counsel;

3. Vladimir Ivanov's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel [ECF No. 9] is **DENIED**.

4. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel that lead counsel shall designate:
   a. Coordination of the briefing and argument of motions;
   b. Coordination of the examination of witnesses in deposition;
   c. Coordination of the selection of counsel to act as a spokesperson at pretrial conferences;
   d. Coordination and scheduling of meetings of Plaintiffs' counsel as needed;
   e. Direction and coordination of the activities of Plaintiffs' counsel as needed;
   f. Coordination of all settlement negotiations with counsel for Defendants;
   g. Coordination and direction of pretrial discovery proceedings and preparation for trial;
   h. Delegation of work responsibilities to selected counsel as needed;
   i. Receipt and dissemination of Court orders and notices; and

    j. Supervision of any other matters concerning the prosecution, resolution, or settlement of the Action.

5. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs;

6. No settlement negotiations shall be conducted without the approval of Lead Counsel;

7. Counsel in any related action that is consolidated with this Action shall be bound by this Order;

8. Defendants shall effect service of papers on Plaintiffs by serving a copy of the same on Lead Counsel by overnight mail service, electronic delivery, or hand delivery;

9. Plaintiffs shall effect service of papers on Defendants by serving a copy of the same on Defendants' counsel by overnight mail service, electronic delivery, or hand delivery;

10. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail containing information that is relevant to the Action or that may lead to the discovery of information relevant to the Action.

DONE AND ORDERED at Miami, Florida this 4th day of February, 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Marcia G. Cooke**; and
**All Counsel of Record via CM/ECF**