UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-23303-ALTMAN/Reid

**JERALD VARGAS MALESPIN**,
*on behalf of himself and others*
*similarly situated*,

    *Plaintiff*,

v.

**LONGEVERON INC.** *et al.*,

    *Defendants*.

_____/

## ORDER

The parties—the Lead Plaintiff, John Bosico, and the Defendants, Longeveron Inc., Geoff Green, James Clavijo, Joshua M. Hare, Donald M. Soffer, Neil E. Hare, Rock Soffer, EF Hutton f/k/a Kingswood Capital Markets, and Alexander Capital L.P.—through their respective counsel, and subject to our approval, have agreed to settle this case on a class-wide basis. The Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement [ECF No. 43] (the "Motion"), attaching the parties' Stipulation and Agreement of Settlement (the "Agreement") [ECF No. 43-1], the terms of which (the parties hope) will govern their resolution of this case.[1] Having carefully reviewed the Motion, the Agreement, the record, and the governing law, we hereby **DENY** the Motion *without prejudice*.

Under FED. R. CIV. P. 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." The following procedures apply to any such award:

    (1)  A claim for an award must be made by motion . . . at a time the court sets. Notice

---

[1] That is, after providing notice to the Class Members and getting our final approval.

1

> of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (2) A class member, or a party from whom payment is sought, may object to the motion.

FED. R. CIV. P. 23(h)(1)–(2). The Eleventh Circuit has held that "Rule 23(h)'s plain language requires a district court to sequence filings such that class counsel file and serve their attorneys'-fee motion *before* any objection pertaining to fees is due." *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1252 (11th Cir. 2020). This makes sense because, "[w]hile class members may learn from a class notice the all-in amount that counsel plan to request, they would be handicapped in objecting based on the notice alone because only the later-filed fee motion will include the details of class counsel's hours and expenses and the rationale offered for the fee request." *Ibid.*

Since the Eleventh Circuit's decision in *Johnson*, our practice has been to require class counsel to file a motion for attorneys' fees *before* written notice of the class action settlement is issued to class members. *See In re Citrix Data Breach Litig.*, 2020 WL 13389309, at *1 (S.D. Fla. Oct. 1, 2020) (Altman, J.) ("To comply with Rule 23(h), then, the class notice form must include the specific amount of attorneys' fees, costs, expenses, and service awards Class Counsel has sought in its (already-filed) motion for attorneys' fees."); *Sinkfield v. Persolve Recoveries, LLC*, No. 21-cv-80338-RKA (S.D. Fla. July 11, 2022) (Altman, J.), ECF No. 76 at 2 (quoting *In re Citrix* and denying preliminary approval of a settlement where the amount of the fee request wasn't established before the notice was issued). For what it's worth, the Middle District of Florida has done the same. *See, e.g., Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1110 n.4 (M.D. Fla. 2021) ("In accordance with Eleventh Circuit precedent and Rule 23(h), the Court required Class Counsel to file the Fee Motion prior to the class notice and objection period such that class members had all the information necessary to consider the fee request and decide whether to object." (citing *Johnson*, 975 F.3d at 1252)); *see also Davis v. Dixon*, 2022 WL 1267602, at *2 n.4 (M.D. Fla. Apr. 28, 2022) (same).

Under the deadlines the parties have proposed in our case, class counsel wouldn't be required to file a motion for attorneys' fees until 21 days before the class members' objection deadline. *See* [Proposed] Order Preliminarily Approving Class Settlement [ECF No. 43-2] (the "Proposed Order") ¶ 30 ("All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing."); *id.* ¶ 27 ("The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, <u>provided</u>, <u>however</u>, that no Class Member or other Person shall be heard . . . unless that Person has served copies of any objections, papers and briefs . . . at least fourteen (14) calendar days prior to the hearing date[.]" (emphasis in original)). And, on the subject of fees, all the class notice form says is that class counsel will seek "fees of up to one-third of the Settlement Amount or four hundred sixty-five thousand, eight hundred thirty three dollars ($465,833)[.]" *See* [Proposed] Notice [ECF No. 43-3] at 2. Indeed, since the parties propose that the deadline to object to the *settlement* should be on the same day as the deadline to oppose the *fee request*, we wouldn't have time (before the settlement-objection deadline) to rule on the fee objections—or the fee request. As a result, under the schedule the parties have proposed, the class members would be forced to decide blindly—that is, without any ruling from us on fees—whether to object to the settlement or not. That isn't fair, and it isn't in keeping with *Johnson*'s dictates.

Additionally, we reject Class Counsel's stated intention to "apply for an incentive fee on Plaintiff's behalf." Motion at 9. As the Eleventh Circuit has explained, the Supreme Court has prohibited incentive awards in class action cases. *See Johnson*, 2020 WL 5553312 at *9 (first citing *Trustees v. Greenough*, 105 U.S. 527 (1882) (upholding award of attorneys' fees and litigation expenses to lead plaintiff but rejecting payment for "personal services and private expenses"); and then citing *C. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885) (prohibiting incentive awards because of the conflict of interest they create between class members)). And so, while a class representative *may* be

3

reimbursed for the attorneys' fees and costs he or she incurred during the litigation, that named plaintiff *cannot* receive an incentive (or service) award. *See Johnson*, 2020 WL 5553312 at *9. In this case, the Motion defines the award as an "incentive fee . . . for [the Lead Plaintiff's] efforts in pursuing this action[.]" Motion at 9 (emphasis added). This payment thus appears to be precisely the kind of incentive award the Supreme Court has criticized as "decidedly objectionable." *Greenough*, 105 U.S. at 537.

\*   \*   \*

Accordingly, after careful review, we **ORDER AND ADJUDGE** that the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [ECF No. 43] is **DENIED** without prejudice. The Plaintiff may file an Amended Motion by **April 28, 2023**.

**DONE AND ORDERED** in the Southern District of Florida on March 31, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

4