DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-23303- ALTMAN/Brannon
### Honorable Roy K. Altman, United States District Judge for the Southern District of Florida

JERALD VARGAS MALESPIN, individually and
on behalf of all others similarly situated,

Plaintiff,

vs.

LONGEVERON INC., GEOFF GREEN, JAMES
CLAVIJO, JOSHUA M. HARE, DONALD M.
SOFFER, NEIL E. HARE, ROCK SOFFER, EF
HUTTON F/K/A KINGSWOOD CAPITAL
MARKETS, and ALEXANDER CAPITAL L.P.

Defendants.

_____ /

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of April 28, 2023 (the

"Stipulation"), is entered into between (a) Lead plaintiff John Bosico ("Plaintiff"), on behalf of

himself and the Class (defined below); and (b) defendant Longeveron Inc. ("Longeveron"), Geoff

Green ("Green"), James Clavijo ("Clavijo"), Joshua M. Hare ("J. Hare"), Donald M. Soffer ("D.

Soffer"), Neil E. Hare ("N. Hare"), Rock Soffer ("R. Soffer"), EF Hutton, division of Benchmark

Investments f/k/a Kingswood Capital Markets ("EF Hutton"), and Alexander Capital L.P.

("Alexander Capital") (Green, Clavijo, J. Hare, D. Soffer, N. Hare, and R. Soffer, collectively, the

"Individual Defendants" and with Longeveron, EF Hutton, and Alexander Capital, collectively,

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

"Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Longeveron Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice, *inter alia*, the Longeveron Action and all claims asserted therein.

WHEREAS:

A.     On September 13, 2021, the above-captioned putative class action *Malespin v. Longeveron Inc., et al.*, Case No. 21-cv-23303 was filed in the Southern District of Florida.

B.     On February 4, 2022, the Court entered an order appointing John Bosico as Lead Plaintiff for the Longeveron Action pursuant to the Private Securities Litigation Reform Act of 1995, and appointing the Rosen Law Firm, P.A. as Lead Counsel for the putative class.

C.     On April 26, 2022, Plaintiff filed his Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"), asserting claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") against all Defendants and under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder against Defendants Longeveron, Green, Clavijo, and J. Hare. Dkt. No. 27. Among other things, the Complaint alleges that Defendants are liable because they failed to disclose the existence of facts that undermined the overly optimistic statements regarding Lomocel-B made at the time of the February 2021 Initial Public Offering (the "IPO") and during the Class Period. The Complaint alleges that, as a result of the alleged misrepresentations and omissions relating to Lomocel-B, the price of Longeveron's securities was artificially inflated

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

during the Class Period. The Complaint further alleges that the misrepresentation regarding Lomocel-B was later publicly disclosed when Lomocel-B failed to show statistical significance in its Phase 2b Trial. Finally, the Complaint alleges that in response to this news, the price of Longeveron's securities dropped $1.51 per share, causing investor losses.

D.       In the summer of 2022, while Defendants were preparing their Motion to Dismiss, the Parties agreed to participate in private settlement discussions. The parties conferred by phone over several weeks, negotiating a settlement. Following the final round of settlement discussions, the parties agreed that the Longeveron Action be settled for $1,397,500.

E.       This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties to fully and finally settle and release all claims that were asserted or could have been asserted in the Longeveron Action in return for a cash payment by or on behalf of Defendants of $1,397,500 for the benefit of the Class.

F.       Based upon their investigation, prosecution and settlement of the case, Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiff and the other members of the Class, and in their best interests. Based on Plaintiff's direct oversight of the prosecution of this matter and with the advice of their counsel, Plaintiff has agreed to settle and release the claims that were asserted or could have been asserted in the Longeveron Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

G.       This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden

and expense of further litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants or Defendants' Releasees with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff or Plaintiff Releasees of any infirmity in any of the claims asserted in the Longeveron Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

H.      Each of the Parties recognizes and acknowledges, however, that the Longeveron Action has been initiated, filed and prosecuted by Plaintiff in good faith and defended by Defendants in good faith, that the Longeveron Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against Defendants' Releasees and all Released Defendants' Claims as against Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Longeveron Securities" means Longeveron Class A Common Stock.

(b)      "Alternate Judgment" means a form of judgment that may be entered by the Court in a form other than the form of Judgment provided for in this Stipulation and which judgment does not result in any Party terminating the Settlement.

(c)      "Authorized Claimant" means a Class Member who submits a Proof of Claim and Release Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claims" means any and all claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, agreements, suits, fees, attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions, judgments, decrees, matters, issues and/or controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, fraudulent conveyance, avoidance, violations of the Securities Act of 1933, as amended and rules promulgated thereunder, violations of the Securities Exchange Act of 1934, as amended and rules promulgated thereunder, violations of other federal securities laws, or otherwise), whether individual, class, direct, derivative, representative, on behalf of others, legal,

equitable, regulatory, governmental or of any other type or in any other capacity. Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims by persons or entities who or which submit a request for exclusion that is accepted by the Court.

(e)     "Proof of Claim and Release Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means a person or entity who or that submits a Proof of Claim and Release Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g)     "Claims Administrator" means Strategic Claims Services, the firm retained by Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)     "Class" means the class consisting of all persons and/or entities that purchased or otherwise acquired: (a) Longeveron Securities pursuant and/or traceable to the offering documents issued in connection with the Company's initial public offering conducted on or about February 12, 2021 (the "IPO" or "Offering"); and/or (b) Longeveron Securities between February 12, 2021 and August 12, 2021, both dates inclusive (the "Class Period"). Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of Longeveron, EF Hutton, and Alexander Capital at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time. Also excluded from the Class are any persons and entities who or that submits a request for exclusion that is accepted by the Court.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" means each person and entity who or that is a member of the Class.

(k)     "Court" means the United States District Court for the Southern District of Florida.

(l)     "Defendants' Counsel" means Boies Schiller Flexner LLP.

(m)     "Defendants' Releasees" means (i) Longeveron, EF Hutton, Alexander Capital, and their past, present and future, direct or indirect, parent entities, associates, affiliates, and subsidiaries, each and all of their respective past, present, and future directors, officers, partners, stockholders, predecessors, successors and employees, and in their capacity as such, each and all of their underwriters, advisors, attorneys (including Defendants' Counsel), agents, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (ii) the Individual Defendants and their respective present, past and future members of their Immediate Families and all of their underwriters, advisors, attorneys (including Individual Defendants' Counsel), agents, auditors, consultants, trustees, insurers, co-insurers, reinsurers, representatives, and assigns; (iii) any and all persons, firms, trusts, corporations, and other entities in which any of the Defendants or any past, present, and future directors or officers of Longeveron, EF Hutton, or Alexander Capital has a financial interest or was a sponsor, founder, settler or creator of the entity, and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal representatives, heirs,

executors, administrators, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns of any of the foregoing.

(n)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(o)    "Escrow Account" means an interest-bearing account established by the Escrow Agent at The Huntington National Bank, a financial institution into which the Settlement Amount shall be transferred and held, subject to the Court's supervisory authority and under the control of the Escrow Agent.

(p)    "Escrow Agent" means The Huntington National Bank.

(q)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(r)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) calendar days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order with respect

to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified) shall not in any way delay or preclude a judgment from becoming Final.

(s) "Immediate Family" means present, past and future children, parents, spouses, siblings, grandparents, grandchildren, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law, all of which include step and adoptive relationships. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(t) "Judgment" means the judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(u) "Lead Counsel" means The Rosen Law Firm, P.A.

(v) "Litigation Expenses" means costs and expenses incurred by Plaintiff and Lead Counsel in connection with commencing, prosecuting and settling the Longeveron Action (which may include reimbursement of costs and expenses awarded by the Court to Plaintiff for serving as Class Representative on behalf of the Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(w) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(x) "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be disseminated to Class Members in the manner ordered by the Court.

9

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

      (y)     "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Class; and (ii) administering the Settlement, including but not limited to processing Submitted Claims, as well as the costs, fees and expenses incurred in connection with the Escrow Account.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing or of emailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the Submitted Claims), and the fees, if any, of the Escrow Agent.

      (z)     "Parties" means Defendants and Plaintiff, on behalf of themselves and the Class.

      (aa)     "Plaintiffs' Releasees" means Plaintiff, all other plaintiffs in the Longeveron Action, their respective attorneys, and all other members of the Class, and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, current and former officers and directors, employees, Immediate Family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

      (bb)     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

      (cc)     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

(dd)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ee)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ff)    "Released Defendants' Claims" means any and all Claims, including Unknown Claims, that arise out of or relate in any way to the institution, prosecution or settlement of the claims asserted in Longeveron Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

(gg)    "Released Plaintiffs' Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by or on behalf of any of Plaintiffs' Releasees against any one or more of the Defendants' Releasees, regardless of whether any such Defendants' Releasee was named, served with process, or appeared in the Longeveron Action, that directly or indirectly arise out of or relate to (i) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Longeveron Action, or that could have been alleged in the Longeveron Action, (including but not limited to any statements or omissions made in Longeveron's Offering Documents as defined in the Complaint, Longeveron's March 30, 2021 10-K or any of Longeveron's public statements), and (ii) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of any Longeveron Securities during the Class Period. Released Plaintiffs' Claims do not include (i) any claims to enforce the terms of the Settlement; or (ii) any

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

(hh)    "Releasee(s)" means each and any of the Defendants' Releasee(s) and each and any of the Plaintiffs' Releasee(s).

(ii)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(jj)    "Settlement" means the settlement between Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(kk)    "Settlement Amount" means one million three hundred and ninety seven thousand five hundred U.S. dollars (US$1,397,500).

(ll)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(mm) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(nn)    "Submitted Claim" means a Proof of Claim and Release Form that has been submitted by a Claimant to the Claims Administrator.

(oo)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(pp)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys

and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

         (qq) "Unknown Claims" means any Released Claims that any Plaintiff, any other Class Member, or any Defendants or any of the other Releasees, does not know or suspect to exist in his, her or its favor at the time of the release which, if known by him, her or it, might have affected his, her or its settlement with and release of any of the other Releasees, or might have affected his, her or its decision not to opt out or object to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have, and by operation of the final judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, that is similar, comparable or equivalent to California Civil Code § 1542. Plaintiff, any other Class Member, Defendants, and their respective Releasees may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date of the settlement, Plaintiff and Defendants shall expressly waive, and each of the other Class Members and Releasees shall be deemed to have waived, and by operation of the final judgment shall have, fully, finally and forever settled and released, any and all Released

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff and Defendants acknowledge, and each of the other Class Members and each of the other Releasees shall be deemed by operation of the final judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## CLASS SETTLEMENT

2.      The Longeveron Action is being settled as a class action, contingent on Court approval, based on the Class defined in the Complaint, filed on April 26, 2022 (Dkt. No. 27).

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Plaintiff shall file a motion for preliminary approval of the Settlement, and attach a copy of the executed Stipulation.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Longeveron Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or any Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs' Releasees (regardless of

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

whether any such person or entity ever seeks or obtains by any means, including without limitation by submitting a proof of claim, any disbursement from the Settlement) shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Defendants' Releasees, and shall have covenanted not to sue Defendants' Releasees with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Defendants' Releasees.  This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

6.      Pursuant to the Judgment, or any Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, current and former officers and directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of the final judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Plaintiffs' Releasees and shall have covenanted not to sue Plaintiffs' Releasees with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any

15

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

Released Defendants' Claim, either directly, representatively, derivatively, or in any other capacity, against any of Plaintiffs' Releasees. This release shall not apply to any person or entity who or that submits a request for exclusion from the Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or any Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants' Releasees, Longeveron, on behalf of all Defendants' Releasees, shall cause to be paid the Settlement Amount into the Escrow Account no later than twenty (20) calendar days after: (a) the date of entry by the Court of an order preliminarily approving this Settlement; and (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited; (c) provided that in no case shall Longeveron be required to make the settlement payment before February 15, 2023. No Defendant other than Longeveron shall pay, or be liable to pay, any part of the Settlement Amount. The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, administrative costs, taxes, expenses, Class Member benefits, any award to class representative of reasonable costs and expenses (including lost wages) directly relating to the representation of the class, and costs of any kind associated with the resolution of the Longeveron Action. Under no circumstances shall Longeveron or any other Defendant be required to pay more than the Settlement Amount pursuant to this Stipulation.

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

## USE OF SETTLEMENT FUND

9.       The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.       Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account until the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either (a) fully insured by the  Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent

11.       The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury

17

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

Regulation § 1.468B-2(k)) for the Settlement Fund. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility whatsoever for any such Taxes or for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 11. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall not have any liability or responsibility whatsoever for any such Taxes. Defendants' Releasees shall have no responsibility or liability whatsoever for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

14.     The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.  Upon the occurrence of the Effective Date, Defendants shall not have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Proof of Claim and Release Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, the Escrow Agent may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable and necessary Notice and Administration Costs paid or incurred, including any related fees and Taxes, which sums shall not exceed $200,000.00, shall not be returned or repaid to Longeveron.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Lead Counsel will apply to the Court for an award of attorneys' fees to be paid by the Escrow Agent from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement

of Plaintiff's costs and expenses, including time and/or lost wages incurred in prosecuting the Longeveron Action, directly related to their representation of the Class, to be paid by the Escrow Agent from (and out of) the Settlement Fund. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely by the Escrow Agent from the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility whatsoever for any such attorneys' fees and Litigation Expenses that are awarded to Lead Counsel. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.     The attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid by the Escrow Agent to Lead Counsel within five (5) business days after the award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full (including accrued interest) no later than twenty (20) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. In no event shall Longeveron nor any Defendant be required to

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

contribute any sums beyond the Settlement Amount to fund the Settlement, including the award of Litigation Expenses and attorneys' fees.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Plaintiff shall seek appointment of the Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the processes of providing notice to the Class and receiving, reviewing and approving or denying Submitted Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Longeveron's obligation to provide or cause to be provided records as provided in ¶ 19 below, none of Defendants' Releasees shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, providing notice to the Class, the Plan of Allocation, the administration of the Settlement, the processing of Submitted Claims, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiff, any other Class Members or Lead Counsel in connection with the foregoing.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail or email the Notice and Proof of Claim and Release Form to those members of the Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Longeveron shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its reasonably available shareholder lists

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

(consisting of names and addresses) of the purchasers of Longeveron Securities during the Class Period.

20.     The Claims Administrator shall determine whether each Submitted Claim is valid, in whole or part, and, for each valid Submitted Claim, determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation.  No Defendants' Releasee shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Plan of Allocation.

22.     Any Class Member who does not submit a valid Proof of Claim and Release Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and this Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Longeveron Action in the event that the Effective Date occurs.

23.     Any Class Member seeking to exclude himself, herself or itself from the Class must timely submit records of all of his, her or its transactions in Longeveron Securities during the Class

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

Period sufficient to calculate the amount of his, her or its losses as calculated under the Plan of Allocation.

24.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendants' Releasee shall be permitted to contest or object to any Proof of Claim and Release Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Submitted Claim for payment by a Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proof of Claim and Release Forms submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Proof of Claim and Release Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Proof of Claim and Release Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Proof of Claim and Release Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or any Alternate Judgment, if applicable.  Provided that it is

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

mailed by the claim-submission deadline, a Proof of Claim and Release Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions set forth in the Notice.  In all other cases, the Proof of Claim and Release Form shall be deemed to have been submitted on the date on which it was actually received by the Claims Administrator;

(c)     Each Proof of Claim and Release Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Submitted Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Proof of Claim and Release Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Submitted Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, either by mail or by email, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, either by mail or by email, all Claimants whose Submitted Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Submitted Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Submitted Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within fourteen (14) calendar days after the date of mailing or emailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof

24

by the Court.  If a dispute concerning a Submitted Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Submitted Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Submitted Claim.  No discovery whatsoever shall be allowed on the merits of this Longeveron Action or of the Settlement in connection with the processing of Proof of Claim and Release Forms.

27.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Submitted Claims; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Submitted Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Longeveron Action.

29.     No person or entity shall have any Claim against Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, any of the Defendants, any

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26B89C61111

Defendants' Releasee, or Defendants' Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiff and Defendants, and their respective counsel, and Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Submitted Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30. All proceedings with respect to the administration, processing and determination of Submitted Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Submitted Claims, shall be subject to the jurisdiction of the Court. All Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal with respect to determinations related to Submitted Claims.

## TERMS OF THE JUDGMENT

31. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not validly exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 36 below);

(d)     Plaintiff has not validly exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     the Court has approved the Settlement as described herein, following the period set forth for notice under the Class Action Fairness Act ("CAFA"), and following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment or an Alternate Judgment;

(f)     the Judgment or the Alternate Judgment, if applicable, has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If: (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Plaintiff and Defendants shall revert to their respective positions in the Longeveron Action as of March 26, 2023.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 15, 17, 38, and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Longeveron Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 17 above), less any reasonable and necessary Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Longeveron.

35.     It is further stipulated and agreed that Plaintiff and any of the Defendants  shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date on which the Judgment or Alternate Judgment, if applicable, is modified or reversed in any material respect by the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or payment of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to Lead Plaintiff or with respect to any plan of allocation shall not

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, any of the Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement (the "Opt-Out Threshold"). The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiff and any of the Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

37.     If Longeveron (or its designee(s) or successor(s)) does not pay or cause to be paid the Settlement Amount within the time specified in paragraph 8 of this Stipulation, then Lead Counsel, in its sole discretion, may elect, at any time prior to the Court entering the Judgment: (i) to terminate the Settlement by providing written notice to Defendants' Counsel; or (ii) to enforce the terms of the Settlement and this Stipulation and seek entry of a judgment effecting the terms in this Stipulation.

## NO ADMISSION OF WRONGDOING

38.     Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations (including the email exchange between counsel) leading

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

        (a)     shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Longeveron Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

        (b)     shall be offered against any of Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

        (c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by

the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## NOTICE AS REQUIRED BY CAFA

39.     Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.  Defendants shall provide a copy of such notices as well as proof of service of such notices to Lead Counsel.

## MISCELLANEOUS PROVISIONS

40.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiff, Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

42.      The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Plaintiff and any other Class Members against all of Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiff and his counsel and Defendants and their counsel agree not to assert in any forum that this Longeveron Action was frivolous, or was brought by Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or other court rule or statute, relating to the institution, prosecution, defense, or settlement of this Longeveron Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.      There will be no public announcements regarding the Settlement until Longeveron has announced or disclosed it. Plaintiff and Lead Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct or bad faith by either Party concerning the prosecution, defense, and resolution of the Longeveron Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.      The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of Plaintiff and Defendants (or their successors-in-interest).

45.      The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

47.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained or referenced in and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26B89C61111

internal laws of the State of Florida without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

      If to Plaintiff or Lead Counsel:      The Rosen Law Firm, P.A.
      Attn:  Laurence Rosen, Esq.
      275 Madison Avenue, 40th Floor
      New York, NY 10016

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

Telephone: (212) 686-1060
Email: lrosen@rosenlegal.com

If to Defendants:

Boies Schiller Flexner LLP
Attn:  Carl Goldfarb, Esq.
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
Telephone: (954) 377-4203
Email: cgoldfarb@bsfllp.com

Longeveron
Attn: Paul T. Lehr
1951 NW 7th Ave
Miami, FL  33136
Email: plehr@longeveron.com

EF Hutton
Attn: Ryan Whalen, Deputy General Counsel
– Head of Litigation
590 Madison Avenue, 39th Floor
New York, NY 10022
Direct: +1 (929) 586-0023
Office: +1 (212) 970-5181
rwhalen@efhuttongroup.com

Chief Compliance Officer
Attn: Michele Misiti
Alexander Capital LP
17 State Street, 5th Floor
New York, NY 10004
Phone: 212-687-5650
Fax: 212-687-5649
mmisiti@alexandercapitallp.com

57.     Except as otherwise provided herein, each Party shall bear its own fees and costs.

58.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, and proceedings in connection with the Stipulation confidential.

35

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

59.     All agreements made and orders entered during the course of the Longeveron

Action relating to the confidentiality of information shall survive this Settlement.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, as April 28th, 2023.

**BOIES SCHILLER FLEXNER LLP**

By: _____
        Carl Goldfarb

401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
Telephone: (954) 377-4203
Facsimile:  (786) 521-0010

*Counsel for Defendants Longeveron Inc.,*
*Geoff Green, James Clavijo, Joshua M. Hare,*
*Donald M. Soffer, Neil E. Hare, Rock Soffer,*
*EF Hutton, and Alexander Capital*

**Longeveron Inc.**

By: _____
        Wa'el Hashad

**Geoff Green**

By: _____
        Geoff Green

**James Clavijo**

By: _____
        James Clavijo

36

**Joshua M. Hare**

By: _____
Joshua M. Hare

**Donald M. Soffer**

By: _____
Donald M. Soffer

**Neil E. Hare**

By: _____
Neil E. Hare

**Rock Soffer**

By: _____
Rock Soffer

**EF Hutton**

By: _____
Ryan Whalen

**Alexander Capital L.P.**

By: _____
Michele Misiti

**Joshua M. Hare**

By: _____
        Joshua M. Hare

**Donald M. Soffer**

By: _____
        Donald M. Soffer

**Neil E. Hare**

By: _____
        Neil E. Hare

**Rock Soffer**

By: _____
        Rock Soffer

**EF Hutton**

By: _____
        Ryan Whalen

**Alexander Capital L.P.**

By: _____
        Michele Misiti

**Joshua M. Hare**

By:  _____
       Joshua M. Hare

**Donald M. Soffer**

By:  _____
       Donald M. Soffer

**Neil E. Hare**

By:  _____
       Neil E. Hare

**Rock Soffer**

By:  _____
       Rock Soffer

**EF Hutton**

By:  _____
       Ryan Whalen

**Alexander Capital L.P.**

By: _____
       Michele Misiti

DocuSign Envelope ID: 247AA497-F2EA-47DB-80FE-D26BB9C61111

**THE ROSEN LAW FIRM P.A.**

By: _____
Laurence Rosen

275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Lead Counsel for Plaintiff and the Class*