# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-61350-CIV-ALTMAN/Hunt**

*In re: Citrix Data Breach Litigation,*
_____/

**OMNIBUS ORDER**

The Plaintiffs have filed an Unopposed Motion for Approval of Attorneys' Fees, Costs, and Expenses ("Attorneys' Fees Mot.") [ECF No. 57] and an Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Expenses ("Final Approval Mot.") [ECF No. 64]. For the reasons set out below, both motions are **GRANTED**.

**BACKGROUND**

The Plaintiffs[1] and the Defendant, Citrix Systems, Inc., have agreed to a proposed class action settlement. They've set forth the terms and conditions of that settlement in an executed Settlement Agreement, which they've submitted to the Court for final approval (the "Settlement Agreement").

On March 30, 2020, the Parties reached the Settlement Agreement through arm's-length negotiations, including a mediation. The Settlement Agreement, with its exhibits, including the proposed Class Notice Forms, was filed with Class Counsel's amended motion for preliminary approval. [ECF No. 53]. On January 25, 2021, the Court, after due and careful consideration, granted preliminary approval of (i) the Settlement, (ii) the Parties' plan for disseminating the Class Notice, and (iii) the certification of the Settlement Class, as defined in the Settlement Agreement. *See* Order Preliminarily Approving Class Settlement [ECF No. 56]. Additionally, the Court appointed (i) the Plaintiffs named in the Consolidated Complaint [ECF No. 18] as the Class Representatives, *see supra*

---

[1] The remaining Plaintiffs are Lee Milligan, on behalf of himself and his minor son; Lindsey Howard; Brandon Sargent; and Natalie Young. *See* Final Approval Mot. at 7.

1

note 1; (ii) the attorneys previously appointed as Liaison Counsel and Interim Class Counsel[2] as Settlement Class Counsel, *id.* at 2; and (iii) the Angeion Group as Settlement Administrator, *id.* at 4.

The Plaintiffs then submitted their Unopposed Motion for Final Approval of Class Settlement [ECF No. 64]. The Class Notice of the Settlement was properly disseminated in accordance with the notice plan the Court approved. The Court has received *no* objections from any of the 23,907 individual class members. And only one class member has opted out of the settlement.

On June 10, 2021, the Court conducted the Final Approval Hearing to determine: (a) whether this action satisfies the applicable prerequisites for class action treatment, *see* Fed R. Civ. P. 23; (b) whether the proposed Settlement was fair, reasonable, adequate, and in the best interest of the Class Members (and whether it should thus be approved by the Court); (c) whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Consolidated Complaint with prejudice and releasing the Released Claims against the Released Parties; and (d) the proper amount of attorneys' fees and costs.

### ANALYSIS

Having considered the Motions, the record, and the governing law, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Court has personal jurisdiction over all Class Members and Defendants.

2. The Court also has subject-matter jurisdiction to approve the Settlement under 28 U.S.C. § 1331 and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

---

[2] Those lawyers are: John A. Yanchunis of Morgan & Morgan; J. Austin Moore of Stueve Siegel Hanson LLP; Gayle M. Blatt of Casey, Gerry, Schenk, Francavilla, Blatt & Penfield, LLP; Rosemary M. Rivas of Levi & Korsinsky, LLP; and Herman J. Russomanno III of Russomanno & Borrello, P.A.

3. Under Fed. R. Civ. P. 23(b)(3), this case is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit:

All individuals residing in the United States who were sent notification by Citrix that their personal information was or may have been compromised in the data breach initially disclosed by Citrix in or about March 2019.

Excluded from the Settlement class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4. The Defendants have identified a total of 24,316 Class Members.

5. Venue is proper in this District.

6. The prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied as follows:

    a. <u>Numerosity:</u> This class consists of 24,316 members. Accordingly, the number of members of the Settlement Class is so numerous that joinder of all class members would be impracticable;

    b. <u>Commonality:</u> Each class member received notification from Citrix that his or her personal information was or may have been compromised by the same data breach in or about May 2019. Accordingly, there are questions of law and fact that are common to the Settlement Class;

    c. <u>Typicality:</u> The Plaintiffs are victims of the same data breach as the rest of the class—and they received the same notification about the information breach as the rest of the class. Accordingly, the Plaintiffs' claims are typical of the Class claims;

3

     d.   <u>Adequacy:</u> For the reasons stated below regarding the adequacy of the settlement, the Plaintiffs and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class; and

     e.   <u>Predominance:</u> All Plaintiffs' and Class Members' claims arise from the same data breach that compromised personal information hosted on the internal Citrix network. Common questions of law and fact thus predominate over individual questions.

7. The Court finds that, in negotiating, entering into, and implementing the settlement, the Plaintiffs and Class Counsel have adequately represented and protected the interests of the Class.

8. When evaluating whether the settlement was "fair, adequate and reasonable," the Court must consider: "(i) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Bennet v. Behring Corp.*, 737 F.3d 982, 987 (11th Cir. 1984).

9. The proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members. The settlement was reached in the absence of collusion and is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, who had adequate knowledge of the strengths and weaknesses of their claims, the primary defenses, and the risks of proceeding with the litigation through a motion for class certification, trial, and appeal.

4

10. Data breach cases in particular present unique challenges with respect to issues like causation, certification, and damages. By resolving the case early on in the litigation, Class Counsel avoided these difficult questions and ensured a successful result for the Class Members.

11. The settlement also provides the Class Members with relief they could *not* have won at trial (even if they had made it that far), including credit monitoring, identity restoration, and monitoring for minors whose information was compromised.

12. The settlement provides that the Class will receive $2,275,000 to cover losses resulting from the breach, enhanced security measures to prevent another data breach, and credit monitoring and identity restoration services—all valued at more than $26 million. Following the dissemination of Notice, only one Class Member requested exclusion from the settlement and no Class Members objected. The Court therefore finds that the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members.

13. The Court appoints Lee Milligan, on behalf of himself and his minor son, Lindsey Howard, Brandon Sargent, and Natalie Young as the Class Representative, and John A Yanchunis, J. Austin Moore, Gayle M. Blatt, Rosemary M. Rivas, and Herman J. Russomanno III as Class Counsel.

14. Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to all Class members *and* e-mailed to Class Members whose personal e-mail addresses are known. The form and method for notifying the Class Members about the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the

circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

15. The parties and their counsel are ordered to implement and to consummate the Settlement Agreement, according to its terms and provisions. These terms include, but are not limited to:

    a.  Citrix will establish a $2,275,000 settlement fund (the "Settlement Fund").

    b.  All Settlement Class Members may submit a claim for up to $15,000 as reimbursement for Out-of-Pocket.

    c.  All Class Members who are not automatically eligible for Minor Monitoring Services are eligible to enroll in five (5) years of Credit Monitoring Services provided by Experian.

    d.  In lieu of Credit Monitoring Services, Class Members who are not automatically eligible for Minor Monitoring Services may elect to receive a cash payment in an amount equal to a pro rata distribution of the Net Settlement Fund.

    e.  All Class Members are automatically eligible to access Identity Restoration Services offered through Experian.

    f.  All Class Members who were under the age of 18 on or before the Claim Deadline are automatically eligible to enroll in Minor Monitoring Services provided by Experian.

    g.  Class Counsel shall receive an attorneys' fee award of $750,000, which shall be paid out of the Settlement Fund. This fee is more than reasonable given the complexities of the case, the kinds of relief the Class Members have received, and the fact that Class Counsel's fee was contingent on the outcome of the

6

case. Moreover, although our Circuit doesn't require a lodestar check, we note that, when the Plaintiffs filed their motion for attorneys' fees, Class Counsel's combined lodestar was $958,160—some $208,000 *more* than the fee request. In the circumstances presented here, the Court finds that a fee award of 32.9%--a fee award that results in a *negative* lodestar multiplier of 0.78—is both fair and reasonable.

h. Class Counsel shall also receive reimbursement for out-of-pocket expenses of $18,494.16. Class Counsel has provided the Court with an itemized list of these expenses, and the Court finds that each of these expenses was fairly charged and reasonably necessary to the successful prosecution of the case; and

i. The costs of notice and administration of the settlement ("Settlement Administration Costs"), completed by Angeion Group and estimated at $64,927, shall also be paid out of the Settlement Fund. That cost, again, is fair and reasonable in light of the essential administrative function Angeion has provided—to the Court, the lawyers, and the Class Members.

16. The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. Only one Class Member, Sheryl Gonzalez, opted out. This Order is thus binding on all Class Members who did not exclude themselves from the Settlement.

17. This Court shall maintain continuing jurisdiction over the administration and consummation of the settlement. The Court retains exclusive jurisdiction over—and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for—any suit, action, proceeding or dispute

arising out of or relating to this Final Approval Order, the accompanying Final Judgment, and the Settlement Agreement.

18. The Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Expenses [ECF No. 64] is **GRANTED**.

19. This Order is not, and shall not be construed as, an admission by the Defendants of any liability or wrongdoing in this or in any other proceeding. The Plaintiffs, the Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, and discharged by virtue of these proceedings and this Order.

20. The case is hereby dismissed with prejudice.

21. All other pending motions are **DENIED** as **MOOT**.

22. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 10th day of June 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Case 1:13-cv-23878-UU Document 53 Entered on FLSD Docket 05/16/2015 Page 10 of 25

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-23878-UU
Judge: Hon. Ursula Ungaro

| |
|---|
| LUIS ARANAZ and JARED PEREIRA, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CATALYST PHARMACEUTICAL PARTNERS INC., and PATRICK J. MCENANY, <br><br> Defendants |

## ORDER AND FINAL JUDGMENT

Case 4:13-cv-23876-UU Document 153 Entered on FLSD Docket 03/18/2015 Page 2 of 25

On the 16th day of Mar, 2015, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 21, 2014 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Catalyst Pharmaceutical Partners, Inc. ("Catalyst") and Patrick J. McEnany (with Catalyst, the "Defendants") in the Litigation, including the release of the Settled Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Litigation with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award Class Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award Class Representatives as incentive fees.

The Court having certified a Class in this action by order dated September 29, 2014;

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Granting Class Representatives' Motion for Preliminarily Approval of Class Action Settlement ("Preliminary Approval Order") was mailed to all reasonably identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

2

1.      All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Litigation, Class Representatives, all Class Members, and the Defendants.

3.      The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons or entities that purchased Catalyst Pharmaceutical Partners Inc. common stock during the period from August 27, 2013, through October 18, 2013, and who did not sell such securities prior to October 18, 2013, excluding: Defendants; any entities affiliated with Catalyst; the present and former officers and directors of Catalyst or any subsidiary or affiliate thereof; members of such excluded persons' immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any excluded person has or had a controlling interest (the "Class"). Additionally excluded from the Class are those persons who file valid and timely requests for exclusion in accordance with this Order.

4.      Pursuant to the Court's order dated September 29, 2014, and the Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Class Member is relieved from the terms and conditions of the Settlement, including the releases

{29939659;1}3

Case 1:13-cv-23878-UU   Document 153   Entered on FLSD Docket 05/16/2013   Page 43 of 6 25

provided for in the Settlement Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

5.    The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Class Representatives and the Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

6.    The Litigation and the Complaint are hereby dismissed with prejudice and without costs.

7.    Class Representatives and all Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever discharge the Released Parties from any and all Settled Claims. Class Representatives and all Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting or attempting to prosecute any and all Settled Claims against the Released Parties. Class Representatives and Class Counsel shall be deemed hereby to permanently covenant to refrain from instituting, commencing or prosecuting either directly, indirectly, derivatively, representatively, or in any other capacity, all Settled Claims against any of the Released Parties.

8.    Each Defendant, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges any and all Defendants' Claims against the Class

4

Case 1:13-cv-23876-UU Document 153 Entered on FLSD Docket 05/16/2015 Page 5 of 25

Representatives, any of the Class Members, and any of their counsel, including Class Counsel for the Class and any counsel working under Class Counsel's direction.

9. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Claims Administrator are directed to administer the Settlement Stipulation in accordance with its terms and provisions.

10. To the full extent provided by Section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(7), and the common law of the U.S. Court of Appeals for the Eleventh Circuit, all claims including, but not limited to, claims for contribution, indemnification or equitable indemnification against any party or third person, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor related, directly or indirectly, to the facts of this Litigation shall be permanently barred and discharged. Further, nothing in the Settlement Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

11. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Order and Final Judgment, the Settlement Stipulation, nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred to, offered, or used against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by the Class

Case 1:13-cv-29878-UU Document 153 Entered on FLSD Docket 05/18/2013 Page 6 of 6 25

Representatives or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b) referred to, offered, or used against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against the Class Representatives and the Class as evidence of any infirmity in the claims of the Class Representatives and the Class;

(c) referred to, offered, or used against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants that the Class or any class may be certified in the Litigation;

(d) referred to, offered, or used against the Class Representatives and the Class as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by the Class Representatives or the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount;

(e) referred to, offered, or used against the Defendants or against the Class Representatives or the Class as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(f)    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Stipulation.

13.    Other than otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

14.    Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation–and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

15.    Without further order of the Court, the Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

16.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17.    The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of Attorneys' Fees and Expenses or an award to the Class Representatives.

Case 1:21-cv-23293-BKA Document 55-1 Entered on FLSD Docket 05/18/2023 Page 17 of 25
Case 1:13-cv-23878-UU Document 153 Entered on FLSD Docket 03/16/2015 Page 7 of 25

7

18.     Class Counsel are hereby awarded $33\frac{1}{3}$ % of the Gross Settlement Fund in fees, which the Court finds to be fair and reasonable, and $ _167,659_ in reimbursement of expenses.  Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Class Counsel or any other person in connection with the allocation of attorneys' fees and expenses.  Class Representatives are each hereby awarded $ _10,000_ , which the Court finds to be fair and reasonable.

19.     If the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, or is otherwise terminated, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1, 3., 5, G.1, H.2, P.4-7, Q.9-10, and Q.12 in the Settlement Stipulation), and the Parties shall be deemed to have reverted to their respective status prior to the execution of the Memorandum of Understanding dated October 23, 2014 ("MOU") and the Settlement Stipulation, and they shall proceed in all respects as if the MOU and Settlement Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation and in the Eleventh Circuit Court of Appeal, Case No. 14-90021-C, where Defendants filed their Petition for Permission to Appeal from Order Granting Class Certification Pursuant to Federal Rule of Civil Procedure 23(f).

Dated: _Mar. 16_, 2015

_____
HON. URSULA UNGARO
UNITED STATES DISTRICT JUDGE

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81123-CIV-COHN/SELTZER

FRANCIS HOWARD, individually
and on behalf of all others
similarly situated,

      Plaintiff,

v.

CHANTICLEER HOLDINGS, INC.,
MICHAEL D. PRUITT, ERIC S.
LEDERER, MICHAEL CARROLL,
PAUL I. MOSKOWITZ, KEITH
JOHNSON, MARK HEZLETT,
MERRIMAN CAPITAL, INC.,
DAWSON JAMES SECURITIES, INC.,
and CREASON & ASSOCIATES, P.L.L.C.,

      Defendants.
_____/

**ORDER AWARDING LEAD COUNSEL ATTORNEYS' FEES AND EXPENSES**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for an Award of

Attorneys' Fees and Reimbursement of Expenses [DE 69] ("Motion"). The Court has

carefully reviewed the Motion, all related filings, and the entire record of this case. Also,

the Court held a Fairness Hearing earlier today to determine, *inter alia*, whether and in

what amount to award counsel for Lead Plaintiffs and the Class fees and expenses.

The Court having considered all matters submitted to it at the Fairness Hearing

and otherwise, and having finally approved the Settlement of this class action, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for an Award of Attorneys'

Fees and Reimbursement of Expenses [DE 69] is hereby **GRANTED** as follows:

1.    For purposes of this Order, all capitalized terms used herein shall have the meanings set forth and defined in the parties' Stipulation and Agreement of Settlement [DE 61] ("Settlement Agreement").

2.    Lead Counsel, The Rosen Law Firm, P.A., for purposes of the Settlement, has petitioned the Court for an award of attorneys' fees in compensation for the services provided to Plaintiffs and the Class, along with reimbursement of expenses incurred in connection with the prosecution of this action.

3.    The Court finds that the attorneys' fees and expenses sought by Lead Counsel are reasonable and appropriate in this case.

4.    The Rosen Law Firm, P.A., ("Rosen Firm") is hereby awarded one-third of the Settlement Amount, or $283,333.33, as attorneys' fees in this action, together with a proportionate share of the interest earned on the fund, at the same rate earned by the balance of the fund, from the date of the establishment of the fund to the date of payment.

5.    The Rosen Firm shall be reimbursed out of the Qualified Settlement Fund in the amount of $21,787.00 for its expenses and costs.

6.    Except as otherwise provided herein, the attorneys' fees and reimbursement of expenses shall be paid in the manner and procedure provided for in the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of August, 2014.

_____
JAMES I. COHN
United States District Judge

2

Copies provided to:

Counsel of record via CM/ECF

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAZ PARTNERS LP, Individually and On
Behalf of All Others Similarly Situated,

              Plaintiff,

v.

FIRST CHOICE HEALTHCARE
SOLUTIONS, INC. and CHRISTIAN
ROMANDETTI, SR.,

              Defendants.

**Case No. 6:19-cv-00619-PGB-LRH**

## ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES AND LEAD PLAINTIFF PSLRA AWARD

This matter came on for hearing on July 26, 2021 (the "Final Approval Hearing") on Lead Plaintiff's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise; and it appearing that notice of the Final Approval Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a Summary Notice of the hearing substantially in the form approved by the Court was published in *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and reimbursement of litigation expenses, as well as the Lead Plaintiff award pursuant to the Private

Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)) ("PSLRA") requested,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 28, 2020 (ECF 64-1, the "Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Plaintiff's motion for an award of attorneys' fees and reimbursement of litigation expenses and the Lead Plaintiff PSLRA Award was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of litigation expenses and the Lead Plaintiff PSLRA Award satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel for the Settlement Class is hereby awarded attorneys' fees in the amount of 25% of the Gross Settlement Fund, plus $29,895.11 in reimbursement of litigation expenses, which sums the Court finds to be fair and

reasonable. Lead Counsel's award of attorneys' fees and reimbursement of litigation expenses shall both be paid from the Gross Settlement Fund. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

a. The Settlement has created a fund of $1,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Proof of Claim and Release Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b. The requested fee has been reviewed and approved as reasonable by Lead Plaintiff;

c. Copies of the Postcard Notice were mailed to a total of at least 7,679 potential Settlement Class Members and their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Gross Settlement Fund and for reimbursement of litigation expenses in an amount not to exceed $30,000, and that Lead Plaintiff would be seeking a PSLRA award of $5,000 from the

3

Gross Settlement Fund, and no objections to the requested fees and expenses were received;

d. Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e. The Action raised a number of complex issues;

f. Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g. Plaintiff's Counsel devoted over 1,341 hours, with a lodestar value of over $935,000, to achieve the Settlement; and

h. The amount of attorneys' fees awarded and expenses to be reimbursed from the Gross Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. In accordance with 15 U.S.C. § 78u-4(a)(4), Lead Plaintiff MAZ Partners LP is hereby awarded $5,000 from the Gross Settlement Fund as reimbursement for its reasonable costs and expenses directly related to their representation of the Settlement Class.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

4

8.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9.     In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**DONE and ORDERED** this 2d day of August 2021.


_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE