# Exhibit 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23303- ALTMAN/Brannon**

**Honorable Roy K. Altman, United States District Judge for the Southern District of Florida**

JERALD VARGAS MALESPIN, individually
and on behalf of all others similarly situated,

      Plaintiff,

vs.

LONGEVERON INC., GEOFF GREEN,
JAMES CLAVIJO, JOSHUA M. HARE,
DONALD M. SOFFER, NEIL E. HARE,
ROCK SOFFER, EF HUTTON F/K/A
KINGSWOOD CAPITAL MARKETS, and
ALEXANDER CAPITAL L.P.

      Defendants.

_____/

**DECLARATION OF MARGERY CRAIG CONCERNING:  (A) CAFA NOTICE MAILING; (B) MAILING OF THE NOTICE AND PROOF OF CLAIM AND RELEASE FORM; (C) PUBLICATION OF THE SUMMARY NOTICE; AND (D) REPORT ON <u>REQUESTS FOR EXCLUSION AND OBJECTIONS</u>**

I, Margery Craig, declare as follows:

1.      I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over fifteen years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred twenty-five (525) class action cases since its inception.

2.      Pursuant to the Court's Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement, dated May 12, 2023 (Dkt. No. 53) ("Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator to supervise and

administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action.[1] I submit this declaration in order to provide the Court and the Parties information regarding the mailing and emailing of the Notice of Pendency and Proposed Settlement of Class Action ("Notice') and Proof of Claim and Release Form (collectively, the "Notice and Proof of Claim and Release Form") to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF CAFA NOTICE**

3.      At the request of Counsel for Defendants, and separate from our engagement as Claims Administrator, on May 16, 2023, SCS mailed a notice of proposed class action settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), to the appropriate federal and state officials, by certified return receipt through the United States Postal Service.  The mailing consisted of: (i) a letter regarding the Settlement approved by Defendants' Counsel describing the mailing (the "CAFA Letter"); and (ii) a CD-ROM containing copies of the documents referenced in the CAFA Letter.  Attached as **Exhibit A** is a copy of the CAFA Letter that SCS mailed.

**MAILING OF NOTICE AND PROOF OF CLAIM AND RELEASE FORM**

4.      Pursuant to the Preliminary Approval Order, to provide actual notice to those persons and entities that purchased or acquired (a) Longeveron Inc. ("Longeveron") Class A common stock ("Securities") pursuant and/or traceable to the offering documents issued in

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated April 28, 2023 (Dkt. No. 48) (the "Stipulation").

connection with the Company's initial public offering conducted on or about February 12, 2021 Initial Public Offering (the "IPO" or "Offering"); and/or (b) Longeveron Securities between February 12, 2021 and August 12, 2021, both dates inclusive (the "Settlement Class Period"), SCS printed and mailed the Notice and Proof of Claim and Release Form to potential members of the Settlement Class. A true and correct copy of the Notice and Proof of Claim and Release Form is attached as **Exhibit B**.

5.      SCS sent the Depository Trust Company ("DTC") a Notice and Proof of Claim and Release for the DTC to publish on its Legal Notice System ("LENS") on May 22, 2023. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

6.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master list consisting of 838 banks and brokerage companies ("Nominee Account Holders"), as well as 1,432 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On May 22, 2023, SCS caused a letter to be mailed or e-mailed to the 2,270 nominees contained in the SCS master mailing list. The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either request copies of the Notice and Proof of Claim and Release Form or email the link to the Notice and Proof of Claim and Release Form to their customers who may be beneficial

purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly mail or email the Notice and Proof of Claim and Release Form directly to them. A copy of the letter sent to these nominees is attached as **Exhibit C.**

7.        SCS mailed, by first class mail, postage prepaid, 125 Notice and Proof of Claim and Release Forms to organizations identified in the transfer records which were provided to SCS by Defendants. These records reflect persons and entities that purchased Longeveron securities for their own account, or for the account(s) of their clients, during the Settlement Class Period. Following this mailing, SCS received 7,939 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Notice and Proof of Claim and Release Form be mailed by SCS; SCS received a request for 5,314 Notice and Proof of Claim and Release Forms from three nominees so that they could forward them to their customers: and SCS was notified by a nominee that they mailed 16 Notice and Proof of Claim and Release Forms to their customers. SCS was also notified by a nominee that they emailed the link to the Notice and Proof of Claim and Release Form to 10,005 of their customers. To date, 13,394 Notice and Proof of Claim and Release Forms were mailed to potential Settlement Class Members and 10,005 emails were sent to potential Settlement Class Members.

8.        In total, 23,399 potential Settlement Class Members were notified either by mailed Notice and Proof of Claim and Release Form or emailed a link to the Notice and Proof of Claim and Release Form.

9.        Out of the 13,394 Notice and Proof of Claim and Release Forms mailed, 877 were returned.  Of these, the United States Postal Service provided forwarding addresses for 22, and SCS immediately mailed another Notice and Proof of Claim and Release Form to each of these

Settlement Class Members at the updated addresses. The remaining 855 Notice and Proof of Claim and Release Forms returned as undeliverable were "skip-traced" to obtain updated addresses. Updated addresses were located for 446 during this effort, and Notice and Proof of Claim and Release Forms were re-mailed to the updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

10. Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice") was published electronically once on the *Globe Newswire* and in print once in the *Investor's Business Daily* on May 22, 2023 as shown in the confirmations of publications attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11. SCS maintains a toll-free telephone number (1-866-274-4004) for potential Settlement Class Members to call and obtain information about the Settlement. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

12. On May 19, 2023, SCS established a webpage on its website at www.strategicclaims.net/Longeveron. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status of this case; the case deadlines; the online claim filing link; and important documents such as the Notice and Proof of Claim and Release Form, the Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; Memorandum of Law in Support; the Declaration of Jonathan Stern on Behalf of the Rosen Law Firm, P.A. Concerning Attorneys' Fees and Expenses, the Preliminary Approval Order, and the Stipulation with exhibits.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than August 25, 2023.  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has received no requests for exclusion.

14.     According to the Notice, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, Class Counsel's motion for attorneys' fees and expenses and application for an award to Class Representative, and/or that you think the Court should not approve the Settlement must be submitted to Class Counsel and Counsel for Defendants, as well as filed with the Clerk of the Court, no later than September 26, 2023.  As of the date of this declaration, SCS has not received any objections, and SCS has not been notified that any objections were submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5th day of September, in Media, Pennsylvania.

_____
Margery Craig

6

**EXHIBIT A**



Phone 866.274.4004
610.565.9202
Fax 610.565.7985

strategicclaims.net

May 16, 2023

**VIA CERTIFIED MAIL**

Steve Marshall
Office of the Attorney General
PO Box 300152
Montgomery, AL 36130-0152

RE:    Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear Sir or Madam:

Strategic Claims Services has been retained in the proposed class action lawsuit entitled *Malespin v. Longeveron Inc, et al.,* Case No. 21-cv-23303, to provide notices set forth under the Class Action Fairness Act. The action is pending before the Honorable Roy K. Altman in the United States District Court, Southern District of Florida.

This letter is to advise you that on May 12, 2023, the Court entered an Order granting Plaintiff's Motion for Preliminary Approval of Proposed Class Action Settlement. the.  As of the date of this letter, the Court has scheduled the final approval hearing for October 10, 2023, at 3:00 p.m. Eastern Time.

The Defendants deny any and all wrongdoing, deny any liability to Lead Plaintiff and/or the proposed settlement class, and deny that Lead Plaintiff and the proposed class members have suffered any damages attributable to the Defendants' actions.  The following documents referenced below are included on the CD that is enclosed with this letter:

1.  **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** A copy of the original complaint filed in the action and the amended complaint are provided on the enclosed CD ROM.

2.  **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** The Court has scheduled a hearing on final approval on October 10, 2023, at 3:00 p.m. Eastern Time.

3.  **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the Notice is enclosed on the CD ROM entitled "*Ex. A-1 – Notice of Pendency and Proposed Settlement of Class Action"* as well as *"Ex. A-3 – Summary Notice".*

4.  **28 U.S.C. § 1715(b)(4) – Proposed Class Action Settlement:** A copy of the parties' *Stipulation and Agreement of Settlement* with exhibits is provided on the enclosed CD ROM.

5.  **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** The parties also contemporaneously agreed to a confidential Supplemental Agreement, which is referenced in the settlement stipulation, and which was not filed with the Court.  As described in the stipulation, and as is customary in securities class action settlements, the purpose of the confidential Supplemental Agreement is to provide the Defendants with the option to terminate the settlement if timely requests for exclusion from the class are submitted by eligible class members who/that meet the conditions set forth in the Supplemental Agreement. The Supplemental Agreement remains confidential and has not been included with the enclosed materials.

6.  **28 U.S.C. § 1715(b)(6) – Final Judgment:** As of the date of this letter, no Final Judgment has been entered by the Court.

600 North Jackson Street • Suite 205 • Media, PA 19063

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimated Proportionate Share:** Pursuant to 28 U.S.C. § 1715(b)(7)(A), CAFA requires a defendant, "if feasible," to provide the names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement. Because most of securities at issue are held in "street name," it is not feasible to provide the names of all class members who reside in each state, or to provide the estimated proportionate share of the claims of such members to the settlement. For the same reason, it is not feasible at this time to provide a reasonable estimate of the number of class members residing in each state or the estimated proportionate share of the claims of such members to the settlement.

If for any reason you believe the enclosed information does not fully comply with Section 1715, please contact Counsel for Defendants identified below, to address any concerns or questions that you may have.

**Counsel for Defendants**
BOIES SCHILLER FLEXNER LLP
Carl Goldfarb, Esq.
401 E Las Olas Blvd, Suite 1200
Fort Lauderdale, FL 33301


Sincerely,

Strategic Claims Services

By:  Matthew Shillady
Title: Director of Operations

Enclosure – CD ROM

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23303- ALTMAN/Brannon**

**Honorable Roy K. Altman, United States District Judge for the Southern District of Florida**

JERALD VARGAS MALESPIN, individually
and on behalf of all others similarly situated,

      Plaintiff,

vs.

LONGEVERON INC., GEOFF GREEN,
JAMES CLAVIJO, JOSHUA M. HARE,
DONALD M. SOFFER, NEIL E. HARE,
ROCK SOFFER, EF HUTTON F/K/A
KINGSWOOD CAPITAL MARKETS, and
ALEXANDER CAPITAL L.P.

      Defendants.

_____/

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

**All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 28, 2023 (the "Settlement Stipulation"), which is available at www.strategicclaims.net/Longeveron.**

If you purchased or otherwise acquired the Class A common stock ("Securities") of Longeveron Inc. ("Longeveron"): (1) pursuant and/or traceable to the February 12, 2021 initial public offering (the "IPO" or "Offering"); and/or (2) from February 12, 2021 through August 12, 2021, inclusive, (the "Settlement Class Period"), you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the settlement will provide one million three hundred ninety-seven thousand five hundred dollars ($1,397,500) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Longeveron Securities during the Settlement Class Period.
- The Settlement represents an average gross recovery of $0.41 per share of Longeveron Securities for the 3.4 million shares outstanding at the end of the Settlement Class Period. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the total amount of allowed claims, as well as the amount of attorneys' fees, costs and administrative expenses awarded by the court.
- The Court has appointed a class member to represent the Plaintiff class as the "Class Representative" in an order dated February 7, 2022. Attorneys for the Class Representative ("Class

1

Counsel") have asked the Court to award them fees of one-third of the Settlement Amount or four hundred sixty-five thousand, eight hundred thirty three dollars ($465,833), reimbursement of litigation expenses incurred by Class Counsel in the amount of $27,035 and reasonable costs and expenses (including lost wages) directly relating to the representation of the class incurred by the Class Representative in the amount of $1,500. Collectively, the attorneys' fees and expenses are estimated to average $.14 per outstanding share of Longeveron Securities. If approved by the Court, these amounts will be paid from the Gross Settlement Fund. Plaintiff's Fee and Expense Application, with details about that application, can be found on the settlement website: www.strategicclaims.net/Longeveron.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.27 per outstanding share of Longeveron Securities. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Longeveron Securities, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether Longeveron, Geoff Green, James Clavijo, Joshua M. Hare, Donald M. Soffer, Neil E. Hare, Rock Soffer, EF Hutton, division of Benchmark Investments f/k/a Kingswood Capital Markets and Alexander Capital L.P. ("Defendants") violated the federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission and in other public statements to the investing public including, but not limited to, statements concerning the development-stage drug Lomocel-B's effectiveness in treating Aging Frailty. Defendants vehemently deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN SEPTEMBER 8, 2023** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN AUGUST 25, 2023** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN SEPTEMBER 26, 2023** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON OCTOBER 10, 2023** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.**  All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| Longeveron Inc. Securities Litigation c/o Strategic Claims Services 600 N. Jackson St., Ste. 205 P.O. Box 230 Media, PA 19063 Tel.: 866-274-4004 Fax: 610-565-7985 info@strategicclaims.net | or | THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 40th Floor New York, NY 10016 Tel.: 212-686-1060 Fax: 212-202-3827 info@rosenlegal.com |
|---|---|---|

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated April 28, 2023 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1.      **Why did I get this Notice?**

You or someone in your family may have purchased or otherwise acquired Longeveron Securities: (1) pursuant and/or traceable to the February 12, 2021 IPO; and/or (2) from February 12, 2021 through August 12, 2021, both dates inclusive.

2.      **What is this lawsuit about?**

The case is known as *Malespin v. Longeveron Inc., et al.*, Case No. 1:21-cv-23303-MGC (the "Action"), and the Court in charge of the case is the United States District Court for the Southern District of Florida.

The Action involves the issue of whether Defendants violated the federal securities laws by making misrepresentations or omissions of material fact including, but not limited to, statements concerning the development-stage drug Lomocel-B's effectiveness in treating Aging Frailty. The Complaint asserts that the alleged misstatements or omissions artificially inflated the price of Longeveron Securities, and that the Securities prices dropped in response to subsequent disclosures.  Defendants have vehemently denied and continue to deny the allegations in the complaint and all charges of wrongdoing or liability.  The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of the Defendants with respect to any claim or any fault or wrongdoing or damage to the Settlement Class Members or any other person.  The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

3.      **Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims.  All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

3

**4.      Why is there a Settlement?**

Class Representative and Defendants do not agree regarding the merits of Class Representative's allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if the Class Representative was to prevail at trial on each claim.  The issues on which the Class Representative and the Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether the Defendants acted with scienter; (3) whether the alleged disclosure was a corrective disclosure; (4) the causes of the loss in the value of the Securities; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Class Representative or any of the Defendants.  Instead, Class Representative and Defendants have agreed to settle the case.  Class Representative and Class Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants.  Among the reasons that Class Representative and Class Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Class Representative was to win at trial, and also prevail on any appeal, Class Representative might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Class Representative's allegations are eventually found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5.      How do I know if I am part of the Settlement?**

The Settlement Class consists of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired Longeveron Securities: (1) pursuant and/or traceable to the February 12, 2021 IPO; and/or (2) from February 12, 2021 through August 12, 2021, both dates inclusive.

**6.      Are there exceptions to being included?**

Yes.  Excluded from the Settlement Class are (i) Opt-Outs, *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class, (ii) Persons with no compensable losses; and (iii) Defendants, the present and former officers and directors of Longeveron, any subsidiary thereof, EF Hutton, division of Benchmark Investments f/k/a Kingswood Capital Markets ("EF Hutton") and Alexander Capital L.P. (collectively the "Underwriter Defendants"), during the Settlement Class Period, and the immediate family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any excluded Person has or had a controlling interest.

**7.      I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help.  For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/Longeveron, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.      What does the Settlement provide?**
**a.       What is the settlement fund?**

The proposed Settlement provides that Longeveron will cause the Defendants to pay one million three hundred ninety seven thousand five hundred dollars ($1,397,500) into a settlement fund.  The Settlement is subject to Court approval.  Also, subject to the Court's approval, a portion of the

settlement fund will be used to pay attorneys' fees and reasonable litigation expenses to Class Counsel and to reimburse the Class Representative for his costs incurred in this action.  A portion of the settlement fund also will be used to pay taxes due on interest earned by the settlement fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice.  After the foregoing deductions from the settlement fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.      What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on:  (i) the number of claims filed; (ii) the dates you purchased and sold Longeveron Securities; (iii) the prices of your purchases and sales; (iv) the amount of Administrative Costs, including the costs of notice; and (v) the amount awarded by the Court to Class Counsel for attorneys' fees, costs, and expenses and to Class Representative.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss."  The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation, which reflects Class Representative's contention that because of the alleged misrepresentations made by Defendants, the price of Longeveron Securities was artificially inflated during the relevant period and that the subsequent disclosure caused changes in the inflated price of Longeveron Securities.  Defendants have denied these allegations.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market and/or industry-wide factors, or Company-specific factors unrelated to the alleged fraud.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Longeveron Securities was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of Longeveron Securities during the Settlement Class Period is a $1.48 per share.  The computation of the estimated alleged artificial inflation in the price of Longeveron Securities during the Settlement Class Period is based on certain misrepresentations alleged by Class Representative and the price change of Longeveron Securities, net of market and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Class Representative.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without

5

modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Longeveron.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-sectarian charitable organization(s) selected by Class Counsel and approved by the Court.

<u>**THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS**</u>:

**(I)**   <u>**Section 10b-5 Claim**</u> **- Recognized Loss for the Longeveron Class A common stock purchased or otherwise acquired during the Settlement Class Period will be calculated as follows:**

(A)   For shares <u>sold during the Settlement Class Period</u>, the Recognized Loss per share will be zero.

(B)   For shares <u>sold during the period from August 13, 2021 to November 10, 2021</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) $1.48 per share or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table A below.

6

(C)　　For shares <u>retained as of the close of trading on November 10, 2021</u>, the Recognized Loss will be the *lesser* of: (1) $1.48 per share; or (2) the purchase price per share minus $3.62[1] per share.

**(II)　　<u>Section 11 Claim</u> - For shares of Longeveron Class A common stock purchased or otherwise acquired during the Settlement Class Period pursuant and/or traceable to the IPO, the Recognized Loss will be calculated as follows:**

(A)　　For shares <u>sold during the Settlement Class Period</u>, the Recognized Loss per share will be zero.

(B)　　For shares <u>retained as of the close of trading on August 12, 2021</u>, the Recognized Loss will be the lesser of: (1) $1.48 per share; or (2) the difference between the purchase price per share and $3.68 per share[2].

| Table A | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 8/13/2021 | $3.90 | $3.90 | | 9/14/2021 | $3.49 | $3.62 | | 10/13/2021 | $3.81 | $3.59 |
| 8/16/2021 | $3.48 | $3.69 | | 9/15/2021 | $3.66 | $3.62 | | 10/14/2021 | $4.10 | $3.60 |
| 8/17/2021 | $3.57 | $3.65 | | 9/16/2021 | $3.59 | $3.62 | | 10/15/2021 | $3.98 | $3.61 |
| 8/18/2021 | $3.63 | $3.65 | | 9/17/2021 | $3.62 | $3.62 | | 10/18/2021 | $3.82 | $3.62 |
| 8/19/2021 | $3.80 | $3.68 | | 9/20/2021 | $3.48 | $3.62 | | 10/19/2021 | $3.81 | $3.62 |
| 8/20/2021 | $3.57 | $3.66 | | 9/21/2021 | $3.44 | $3.61 | | 10/20/2021 | $3.79 | $3.62 |
| 8/23/2021 | $3.44 | $3.63 | | 9/22/2021 | $3.54 | $3.61 | | 10/21/2021 | $3.56 | $3.62 |
| 8/24/2021 | $3.56 | $3.62 | | 9/23/2021 | $3.70 | $3.61 | | 10/22/2021 | $3.37 | $3.62 |
| 8/25/2021 | $3.65 | $3.62 | | 9/24/2021 | $3.70 | $3.61 | | 10/25/2021 | $3.52 | $3.61 |
| 8/26/2021 | $3.53 | $3.61 | | 9/27/2021 | $3.76 | $3.62 | | 10/26/2021 | $3.46 | $3.61 |
| 8/27/2021 | $3.53 | $3.61 | | 9/28/2021 | $3.76 | $3.62 | | 10/27/2021 | $3.49 | $3.61 |
| 8/30/2021 | $3.40 | $3.59 | | 9/29/2021 | $3.58 | $3.62 | | 10/28/2021 | $3.49 | $3.61 |
| 8/31/2021 | $3.48 | $3.58 | | 9/30/2021 | $3.53 | $3.62 | | 10/29/2021 | $3.45 | $3.60 |
| 9/1/2021 | $3.58 | $3.58 | | 10/1/2021 | $3.65 | $3.62 | | 11/1/2021 | $3.49 | $3.60 |
| 9/2/2021 | $3.65 | $3.58 | | 10/4/2021 | $3.38 | $3.61 | | 11/2/2021 | $3.79 | $3.61 |
| 9/3/2021 | $3.74 | $3.59 | | 10/5/2021 | $3.43 | $3.61 | | 11/3/2021 | $3.86 | $3.61 |
| 9/7/2021 | $3.74 | $3.60 | | 10/6/2021 | $3.29 | $3.60 | | 11/4/2021 | $4.26 | $3.62 |
| 9/8/2021 | $3.63 | $3.60 | | 10/7/2021 | $3.35 | $3.59 | | 11/5/2021 | $3.90 | $3.63 |
| 9/9/2021 | $3.90 | $3.62 | | 10/8/2021 | $3.42 | $3.59 | | 11/8/2021 | $3.72 | $3.63 |
| 9/10/2021 | $3.73 | $3.63 | | 10/11/2021 | $3.45 | $3.59 | | 11/9/2021 | $3.50 | $3.63 |
| 9/13/2021 | $3.68 | $3.63 | | 10/12/2021 | $3.59 | $3.59 | | 11/10/2021 | $3.52 | $3.62 |

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $3.62 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on August 13, 20201 and ending on November 10, 2021.

[2] This represents the closing price per share of Longeveron Class A  common stock on September 13, 2021, the filing date of the initial lawsuit in this matter.

7

**ADDITIONAL PLAN OF ALLOCATION PROVISIONS**

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in Longeveron Securities during the Settlement Class Period, the value of the Recognized Loss will be zero, and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in Longeveron Securities shares during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order.  Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of Longeveron Securities during the time period February 12, 2021 through and including November 10, 2021.  If shares are eligible for both the Section 10b-5 Claim and Section 11 Claim, the claimant's Recognized Loss will be the higher of the two calculations.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' Counsel, Defendants' Insurers, Class Representative, Class Counsel or the Claims Administrator or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim and Release Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Longeveron Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of those shares of Longeveron Securities for the calculation of each Class Member's Recognized Loss, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase of such shares of Longeveron Securities during the Settlement Class Period unless (a) the donor or decedent purchased or otherwise acquired such Longeveron Securities during the Settlement Class Period; (b) no claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Longeveron Securities; and (c) it is specifically so provided in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase of Longeveron Securities. The date of a "short sale" is deemed to be the date of sale of Longeveron Securities.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a Class Member has an opening short position in Longeveron Securities, the earliest Settlement Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

8

Longeveron Securities is the only security eligible for recovery under the Plan of Allocation. Option contracts with Longeveron Securities as the underlying security are not securities eligible to participate in the Settlement. With respect to Longeveron Securities purchased or sold through the exercise of an option, the exercise date of the option shall be considered the purchase/sale date of the Securities, and the exercise price of the option shall be considered the purchase/sale price of the Securities.

9. **How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/Longeveron. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Longeveron by 11:59 p.m. EST on September 8, 2023; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than September 8, 2023, to:

Longeveron Inc. Securities  Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

10. **What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the August 25, 2023 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, immediate family members heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase, acquisition, sale, or ownership of Longeveron Securities during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of Longeveron Securities during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

11. **How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Malespin v. Longeveron Inc.*, Case No.

9

1:21-cv-23303-MGC (S.D. Fla.)", and (B) states the date, number of shares and dollar amount of each Longeveron Securities purchase or acquisition during the Settlement Class Period, and any sale transactions, and (ii) the number of shares of Longeveron Securities held by you as of August 12, 2021. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase and, if applicable, sale transaction of Longeveron Securities during the Settlement Class Period and (ii) demonstrating your status as a beneficial owner of the Longeveron Securities. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than August 25, 2023, to the Claims Administrator at the following address:

Longeveron, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box230
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue the Defendants for the same thing later?**
No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**
The Court appointed The Rosen Law Firm, P.A. as Class Counsel, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

**14.    How will the lawyers be paid?**
Class Counsel have expended considerable time litigating this action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Class Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the settlement fund, as is customary in this type of litigation. Class Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the settlement fund. Therefore, Class Counsel have filed a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in the amount of $465,833, for reimbursement of litigation expenses incurred by Class Counsel in the amount of $27,035 and reasonable costs and expenses (including lost wages) directly relating to the representation of the class incurred by the Class Representative in the amount of $1,500. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the settlement fund.

**15.    How do I tell the Court that I do not like the Settlement?**
You can tell the Court you do not agree with the Settlement, any part of the Settlement, Class Counsel's motion for attorneys' fees and expenses and application for an award to Class Representative, and that you think the Court should not approve the Settlement, by mailing a letter

10

stating that you object to the Settlement in the matter of *Malespin v. Longeveron Inc., et al.*, Case No. 1:21-cv-23303-MGC (S.D. Fla.).  Be sure to include (1) your name, address, and telephone number, (2) a list of all purchases and sales of Longeveron Securities during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.  Attendance at the Settlement Hearing is not necessary.  Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.  Be sure to serve copies of any objections, papers and briefs to **each** of the two addresses listed below, to be received no later than September 26, 2023:

| *Class Counsel* | *Counsel for Defendants* |
|---|---|
| Laurence M. Rosen, Esq. | Carl Goldfarb, Esq. |
| THE ROSEN LAW FIRM, P.A. | BOIES SCHILLER FLEXNER LLP |
| 275 Madison Avenue, 40th Floor | 401 E. Las Olas Blvd. Suite 1200 |
| New York, New York 10016 | Fort Lauderdale, FL, 33301 |

In addition, be sure to also file any said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court at the below address no later than September 26, 2023:

Clerk of the Court
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

16.     **What is the difference between objecting and requesting exclusion?**
Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof.  You can object only if you stay in the Settlement Class.  Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement.  If you exclude yourself, you cannot object to the Settlement because it no longer concerns you.  If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

17.     **When and where will the Court decide whether to approve the Settlement?**
The Court will hold a Settlement Hearing either in person or virtually on October 10, 2023, at 3:00 p.m., at the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida, 33128, Courtroom #11-2.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Class Counsel will direct the Claims Administrator to update its website, on the page dedicated to this Settlement, to include the telephone number or other virtual means to access the Settlement Fairness Hearing.

11

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement.  If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel for attorneys' fees and expenses and how much to award to Class Representative.

**18.**     **Do I have to come to the hearing?**
No.  Class Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time, the Court will consider it.

**19.**     **What happens if I do nothing at all?**
If you do nothing, you will not receive a payment from the Settlement.  However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the Release Claims (as defined in the Settlement Stipulation) ever again.

DATED: MAY 12, 2023

_____
BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission:  September 8, 2023**

**ALL CAPITALIZED TERMS USED IN THIS NOTICE THAT ARE NOT OTHERWISE DEFINED HEREIN SHALL HAVE THE MEANINGS ASCRIBED TO THEM IN THE STIPULATION AND AGREEMENT OF SETTLEMENT DATED APRIL 28, 2023 (THE "STIPULATION"), WHICH IS AVAILABLE AT WWW.STRATEGICCLAIMS.NET/LONGEVERON.**

IF YOU PURCHASED OR OTHERWISE ACQUIRED THE CLASS A COMMON STOCK OF LONGEVERON INC. ("LONGEVERON"): (1) PURSUANT AND/OR TRACEABLE TO THE FEBRUARY 12, 2021 INITIAL PUBLIC OFFERING (THE "IPO" OR "OFFERING"); AND/OR (2) FROM FEBRUARY 12, 2021 THROUGH AUGUST 12, 2021, BOTH DATES INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.  (EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE PRESENT AND FORMER OFFICERS AND DIRECTORS OF LONGEVERON, EF HUTTON, OR ALEXANDER CAPITAL, AND ANY SUBSIDIARY THEREOF, DURING THE SETTLEMENT CLASS PERIOD, THE IMMEDIATE FAMILY MEMBERS, LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS OF SUCH EXCLUDED PERSONS AND ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS OR HAD A CONTROLLING INTEREST, PERSONS WHO SUFFERED NO COMPENSABLE LOSSES, AND PERSONS WHO SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION IN ACCORDANCE WITH THE PRELIMINARY APPROVAL ORDER.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM BY 11:59 P.M. EST ON SEPTEMBER 8, 2023 AT WWW.STRATEGICCLAIMS.NET/ LONGEVERON.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS CLAIM FOMR, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN SEPTEMBER 8, 2023 TO STRATEGIC CLAIM SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Longeveron Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY SEPTEMBER 8, 2023 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM AND RELEASE FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

13

## CLAIMANT'S STATEMENT

1.  I (we) purchased or otherwise acquired the Class A common stock of Longeveron Inc. ("Longeveron") during the Settlement Class Period.  (Do not submit this Proof of Claim and Release Form if you did not purchase or otherwise acquire Longeveron Class A common stock during the Settlement Class Period.)

2.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Longeveron Class A common stock and each sale, if any, of such common stock.  I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of Longeveron Class A common stock listed below in support of my (our) claim. IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. **YOUR FAILURE TO SUBMIT COPIES OF OFFICIAL DOCUMENTS EVIDENCING YOUR PURCHASES AND/OR SALES OF LONGEVERON CLASS A COMMON STOCK MAY CAUSE THE CLAIMS ADMINISTRATOR TO REJECT YOUR CLAIM.**

6.  I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim.  In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, agents, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims."

14

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, agents, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any "Released Claims" against any of the "Released Parties" as those terms are defined in the Stipulation.

9. "Defendants' Releasees" has the same meaning laid out in the Stipulation.

10. "Released Claims" has the same meaning laid out in the Stipulation.

11. "Unknown Claims" has the same meaning laid out in the Stipulation.

12.  I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/Longeveron to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection.  All Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/Longeveron.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

LONGEVERON

## I. CLAIMANT INFORMATION

| Name |
|---|
| |
| Address |
| |

| City | State | Zip Code |
|---|---|---|
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |

| Email |
|---|

| Social Security Number (for individuals): | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

## II. SCHEDULE OF TRANSACTIONS IN LONGEVERON CLASS A COMMON STOCK

**Beginning Holdings:**

A.  State the total number of shares of Longeveron Class A common stock held at the close of trading on February 11, 2021 (*must be documented).*  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of Longeveron Class A common stock between February 12, 2021 and November 10, 2021, both dates inclusive, and provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

LONGEVERON

**Sales:**

C.  Separately list each and every sale of Longeveron Class A common stock between February 12, 2021 and November 10, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of shares of Longeveron Class A common stock held at the close of trading on November 10, 2021 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**III. SUBSTITUTE FORM W-9**

**Taxpayer Identification Number Certification**

*Please note that if you are not a U.S. citizen then you must fill out a W-8 form (https://www.irs.gov/pub/irs-pdf/fw8ben.pdf or https://www.irs.gov/pub/irs-pdf/fw8bene.pdf) and attach it to this Claim Form.

Social Security Number (individuals) / Taxpayer Identification Number (estates, trusts, corporations, etc.):

Check appropriate box for federal tax classification:

☐ Individual ☐ C Corporation ☐ S Corporation ☐ Partnership ☐ Trust/estate ☐ Other_____
☐ Limited Liability Company - choose tax classification ☐ C Corporation ☐ S Corporation ☐ Partnership

Print your name as it appears on your federal income tax return:

First Name and Last Name, for Individuals. Entity Name for businesses and trusts.

Under penalties of perjury, I(We) certify that:

1.      The number shown on this form is my(our) correct taxpayer identification number; **and**
2.      I am (we are) not subject to backup withholding because: (a) I am (we are) exempt from backup withholding, or (b) I (we) have not been notified by the Internal Revenue Service (IRS) that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding; **and**
3.      I am (we are) a U.S. citizen or other U.S. person (including a U.S. resident alien).

**Note:** If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

*If this W-9 form or W-8 form is not submitted with this claim form, we may be required to withhold 30% for non-U.S. citizens under the Foreign Account Tax Compliance Act or 24% for U.S. citizens.

**IV. CERTIFICATION**

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Florida, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release and covenant not

17

LONGEVERON

to sue set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action.  I (We) have not submitted any other claim covering the same purchases or sales of Longeveron Class A common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN SEPTEMBER 8, 2023  AND MUST BE MAILED TO:**

Longeveron Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by September 8, 2023 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

18

19

THIS PAGE IS INTENTIONALLY LEFT BLANK.

Longeveron Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim and Release Form on page 18.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.

o   If you would like acknowledgment of the receipt of your Proof of Claim and Release Form by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.

o   Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you move or change your address, telephone number or email address , please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you.  NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or delivery payment to you.

EXHIBIT C

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net   FAX: (610) 565-7985

May 22, 2023

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE CLASS A COMMON STOCK ("SECURITIES") OF LONGEVERON INC. ("LONGEVERON"): (1) PURSUANT AND/OR TRACEABLE TO THE FEBRUARY 12, 2021 INTIAL PUBLIC OFFERING (THE "IPO" OR "OFFERING"); AND/OR (2) FROM FEBRUARY 12, 2021 THROUGH AUGUST 12, 2021, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are Defendants, the present and former officers and directors of Longeveron, any subsidiary thereof, EF Hutton, division of Benchmark Investments f/k/a Kingswood Capital Markets ("EF Hutton") and Alexander Capital L.P. (collectively the "Underwriter Defendants"), during the Settlement Class Period, and the immediate family members, legal representatives, heirs, successors or assigns of such exclude persons and any entity in which any excluded Person has or had a controlling interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Longeveron Inc. Securities Litigation*<br>Case No. 21-cv-23303- ALTMAN/Brannon<br>Exclusion Deadline: August 25, 2023<br>Claim Filing Deadline: September 8, 2023<br>Objection Deadline: September 26, 2023<br>Settlement Hearing: October 10, 2023 | Cusip Number: 54303L104<br>Ticker Symbol: LGVN |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE</u>
Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. Supply us with email addresses, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing or mailing of the Notice and Proof of Claim and Release Form. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample Notice and Proof of Claim and Release Forms to do the mailing. After the receipt of the Notice and Proof of Claim and Release Forms, you have ten (10) calendar days to mail them; or
4. Request a copy of the Notice and Proof of Claim and Release Form or a link to the Notice and Proof of Claim and Release Form in electronic format and advise us that you will be emailing to your beneficial purchases/owners.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.03 per email if you email the Notice and Proof of Claim and Release Form** OR
- **$0.03 per name and address or email address** if you are providing us the records OR
- **$0.03 per name and address, including materials, plus postage at the current pre-sort rate use by the Claims Administrator if** you are requesting Notice Packets and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of this legal matter. A copy of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim Form and Release Form and important documents are available on our website www.strategicclaims.net/Longeveron. You can also request a copy via email at info@strategicclaims.net.
Thank you for your prompt response.

Sincerely,
Claims Administrator
Longeveron Inc. Securities Litigation

**mcraig@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, May 22, 2023 9:02 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; mcraig@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Securities Class Action Settlement on Behalf of Purchasers of the Class A Common Stock of Longeveron Inc. - LGVN**

*Cross time: 05/22/23 09:00 AM ET: Eastern Time - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

---

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

# AFFIDAVIT

**STATE OF NEW JERSEY** )
           ) ss:
**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )**

I, Keith Oechsner, being duly sworn, depose and say that I am the advertising clerk of the Publisher of

INVESTORS BUSINESS DAILY, a weekly national newspaper of general circulation throughout the

United States, and that the notice attached to this Affidavit has been regularly

published in INVESTORS BUSINESS DAILY for National distribution for

1 insertion(s) on the following date(s):

MAY-22-2023;

ADVERTISER: Longeveron;

and that the foregoing statements are true and correct to the best of my knowledge.

_Keith Oechsner_
_____


Sworn to before me this
22 day of May 2023

_signature_
_____
Notary Public



IAN C MARTIN
NOTARY PUBLIC
ID #
50086494
COMMISSION
EXPIRES
7/18/2023
STATE OF NEW JERSEY

**B12** WEEK OF MAY 22, 2023

# WORLD STOCKS

INVESTORS.COM

---

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
Case No. 21-cv-23303-ALTMAN/Brannon
Honorable Roy K. Altman, United States District Judge for the Southern District of Florida

JERALD VARGAS MALESPIN, individually and on behalf of all others similarly situated,
Plaintiff,
vs.
LONGEVERON INC., GEOFF GREEN, JAMES CLAVIJO, JOSHUA M. HARE, DONALD M. SOFFER, NEIL E. HARE, ROCK SOFFER, EF HUTTON F/K/A KINGSWOOD CAPITAL MARKETS, and ALEXANDER CAPITAL L.P.,
Defendants.

SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED LONGEVERON INC. CLASS A COMMON STOCK: (1) PURSUANT AND/OR TRACEABLE TO THE FEBRUARY 12, 2021 INITIAL PUBLIC OFFERING; AND/OR (2) FROM FEBRUARY 12, 2021 THROUGH AUGUST 12, 2021, INCLUSIVE.

All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 28, 2023 (the "Settlement Stipulation"), which is available at www.strategicclaims.net/Longeveron

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of Florida, that a hearing will be held, in person or virtually, on October 10, 2023, at 3:00 p.m. before the Honorable Roy K. Altman, United States District Judge of the Southern District of Florida, 400 North Miami Avenue, Courtroom #11-2, Miami, FL 33128, for the purpose of determining whether: (1) the proposed settlement of the claims in the above-captioned Action in the amount of $1,397,500 should be approved by the Court as fair, reasonable, and adequate; (2) the proposed plan to distribute the settlement proceeds is fair, reasonable, and adequate; (3) the application of Class Counsel for an award of attorneys' fees in the amount of $465,833, representing one third of the Settlement Amount, reimbursement of expenses in the amount of $27,035 and costs and expenses of $1,500 to Class Representative, should be approved; and (4) this Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement dated April 28, 2023 (the "Settlement Stipulation"). Plaintiff's Fee and Expense Application, with details about that application, can be found on the settlement website: www.strategicclaims.net/Longeveron.

If you purchased or otherwise acquired Longeveron Inc. ("Longeveron") Class A common stock: (1) pursuant and/or traceable to the February 12, 2021 initial public offering (the "IPO" or "Offering"); and/or (2) from February 12, 2021 through August 12, 2021, inclusive (the "Settlement Class"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Longeveron Class A common stock. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to or calling Longeveron Inc. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (Tel) (866)274-4004; (Fax) (610)565-7985; info@strategicclaims.net, or going to the website, www.strategicclaims.net/Longeveron.

If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form electronically or postmarked no later than September 8, 2023, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion so that it is received no later than August 25, 2023, in the manner and form explained in the detailed Notice to the Claims Administrator. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Class Representatives must be in the manner and form explained in the detailed Notice and received no later than September 26, 2023, to each of the following:

Clerk of the Court
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

Laurence M. Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Class Counsel

Carl Goldfarb, Esq.
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
Counsel for Defendants

If you have any questions about the Settlement, you may call or write to Class Counsel:
Laurence M. Rosen, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY  10016
Telephone: (212) 686-1060

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

Dated: May 12, 2023

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---



## Major World Markets, percentage change base on benchmark ETFs

*Weekly/Year to date*

| Market | Change |
|---|---|
| Canada | -0.1/+6.3% |
| U.K. | +0.3/+8.7% |
| Germany | +1.6/+18.6% |
| France | +0.9/+17.9% |
| South Korea | +4.7/+9.9% |
| China Big Cap | +0.4/-1.4% |
| Japan | +1.3/+12% |
| S&P 500 | +1.7/+9.2% |
| Nasdaq | +3/+20.9% |
| Mexico | -1.9/+23.2% |
| Hong Kong | +0.0/-5.3% |
| Taiwan | +5.3/+13.6% |
| India | -0.9/+0.0% |
| Brazil | +0.3/+6.9% |
| South Africa | -1.2/-8.7% |
| Australia | +0.5/+3.5% |

---

# Global Leaders

| Rank | Company | Symbol | Country | Closing Price | Composite Rating | EPS Rtg | Rel Str Rtg | Annual EPS % Chg | Last Qt EPS % Chg | Next Qt EPS % Chg | Last Qtr Sales % Chg | ROE | Pretax Margin |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ASML — Dutch maker of lithography systems used to make semiconductors. | ASML | NETHER. | 694.0 | 99 | 95 | 90 | +34 | +180 | +33 | +87 | 47 | 36 |
| 2 | Linde — Sells a variety of industrial gases like oxygen, nitrogen and argon. | LIN | U.K. | 371.5 | 90 | 96 | 90 | +11 | +17 | +12 | 0 | 14 | 24 |
| 3 | Ferguson — UK company distributes plumbing, heating and building products. | FERG | U.K. | 148.6 | 97 | 89 | 89 | -2 | -1 | -17 | +5 | 44 | 9 |
| 4 | ArchCaptl — Sells property insurance, reinsurance, mortgage insurance in U.S. | ACGL | BERMUDA | 76.02 | 99 | 97 | 95 | +28 | +57 | +19 | +63 | 11 | 14 |
| 5 | NovoNrdsk — Its Saxenda drug shows improved BMI, body weight in obese children. | NVO | DENMARK | 170.5 | 99 | 94 | 96 | +45 | +38 | +55 | +24 | 68 | 39 |
| 6 | Tecnoglass — Specializes in architectural glass, windows, aluminum products. | TGLS | COLOMBIA | 43.97 | 99 | 97 | 97 | +24 | +104 | +54 | +51 | 53 | 32 |
| 7 | Flex — Electronics contract manufacturing firm formerly known as Flextronics. | FLEX | SINGAPORE | 24.30 | 91 | 94 | 92 | +16 | +10 | +6 | +9 | 24 | 4 |
| 8 | ICICIBank — Leading banking company in India. | IBN | INDIA | 22.99 | 98 | 97 | 86 | +21 | +18 | +14 | +16 | 25 | 31 |
| 9 | GoldFields — Soaring gold prices to lift profit. | GFI | SOUTH AFRICA | 15.29 | 96 | 95 | 97 | -5 | +11 | -26 | -7 | 25 | 38 |
| 10 | MinisoGrpA — Seller of toys and accessories benefits from China's reopening. | MNSO | CHINA | 16.11 | 94 | 98 | 98 | +999 | +290 | +999 | +16 | 10 | 9 |

---

©2023 Investor's Business Daily, LLC. All rights reserved.