**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23303- ALTMAN/Brannon**

**Honorable Roy K. Altman, United States District Judge for the Southern District of Florida**

JERALD VARGAS MALESPIN, individually
and on behalf of all others similarly situated,

      Plaintiff,

vs.

LONGEVERON INC., GEOFF GREEN,
JAMES CLAVIJO, JOSHUA M. HARE,
DONALD M. SOFFER, NEIL E. HARE,
ROCK SOFFER, EF HUTTON F/K/A
KINGSWOOD CAPITAL MARKETS, and
ALEXANDER CAPITAL L.P.,

      Defendants.

_____ /

## <u>MEMORANDUM OF LAW IN FURTHER SUPPORT</u> <u>OF UNOPPOSED MOTION FOR FINAL SETTLEMENT</u>

**TABLE OF CONTENTS**

**Page**

I.   MOTION ................................................................................................................................1

II.  STATEMENT OF FACTS......................................................................................................1

III.   ARGUMENT........................................................................................................................2

   A.  The Reaction of the Settlement Class Supports Final Approval ...........................................2

   B.  The Reaction of the Settlement Class Also Supports Approval of the Requests for an Award of Attorneys' Fees, Reimbursement of Expenses, and Reimbursement of Lost Wages to Plaintiff 3

IV.  CONCLUSION ....................................................................................................................3

## TABLE OF AUTHORITIES

**Cases**

*Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010)............................3

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ..................................................2

*Fruitstone v. Spartan Race, Inc.*, 2021 WL 2012362 (S.D. Fla. May 20, 2021)..............................2

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................................................................3

*In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007)....................................3

*In re United States Sugar Corporation Litigation*, 2011 WL 13173854 (S.D. Fla. Jan. 24, 2011) . 2

*Nat'l Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004)

....................................................................................................................................................2

*Thorpe v. Walter Investment Management Corp.*, 2016 WL 10518902 (S.D. Fla. Oct. 17, 2016) . 2, 3

## I.  MOTION

Lead Plaintiff John Bosico ("Plaintiff") submits this reply memorandum in further support of his unopposed motion for: (1) final approval of the proposed Settlement and Plan of Allocation, and final certification of the proposed Settlement Class; and (2) an award of attorneys' fees of $33\frac{1}{3}$% of the Settlement Amount, or $465,833.33, reimbursement of $27,035 in litigation expenses incurred, and reimbursement of lost wages to Plaintiff of $1,500.[1] Dkt. Nos. 57 and 58 ("Motions").

## II.  STATEMENT OF FACTS

The Court-appointed Claims Administrator, Strategic Claims Services ("SCS"), mailed or emailed 2,270 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list. Craig Suppl. Decl. ¶3. An additional 13,394 Notice and Proof of Claim and Release Forms were mailed to potential Settlement Class Members and nominees by SCS or nominees. *Id.* SCS was also notified by a nominee that they emailed 10,005 of their customers to notify them of this settlement and provided the link to the Notice and Proof of Claim and Release Form. *Id.* Since the Initial Mailing Declaration, no additional Notice and Proof of Claim and Release Forms have been mailed and no additional emails with the link to the Notice and Proof of Claim and Release Form were sent.  In total, as of the date of this declaration, 23,399 potential Settlement Class Members were either mailed a Notice and Proof of Claim and Release Form or emailed the link to the Notice and Proof Claim and Release Form. *Id.*

SCS also published the Summary Notice electronically over *Globe Newswire* and in print in *Investor's Business Daily*. Dkt. No. 57-2 ("Craig Decl.") ¶11. On May 19, 2023, SCS established a website dedicated to the Settlement which included the online claim filing link and important documents including the Long Notice, Claim Form, Preliminary Approval Order, and Stipulation. Craig Suppl. Decl. ¶5. SCS has also maintained a toll-free telephone number for potential Settlement Class Members. *Id.* ¶4.

---

[1] Unless otherwise defined herein, capitalized terms take the same meaning provided in the Stipulation and Agreement of Settlement ("Stipulation") (Dkt. No. 48). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Craig Suppl. Decl." are to the Supplemental Declaration of Margery Craig, attached as Exhibit 1 hereto.

The August 25, 2023 deadline for exclusion, the September 8, 2023 claims filing deadline, and the September 26, 2023 deadline for objections have each passed. There have been no objections to the Settlement or to Plaintiff's Motions. *Id.* ¶7. SCS has received no requests for exclusion from the Settlement. *Id.* ¶6. An updated version of the Proposed Order and Final Judgment (Dkt. No. 57-4), including information regarding the date of the hearing and preliminary approval order, as well as clarifying definitions of "Releasing Parties" and "Released Parties", is attached as Exhibit 2, a redline of the revised proposed order is attached as Exhibit 3. Plaintiffs and Defendants have conferred and agree to the appropriateness of these edits.

## III.   ARGUMENT

### A.   The Reaction of the Settlement Class Supports Final Approval

The absence of any objections to the Settlement or Plan of Allocation supports their approval. *Thorpe v. Walter Investment Management Corp.*, 2016 WL 10518902, at *4 (S.D. Fla. Oct. 17, 2016) ("The overwhelmingly positive reaction of class members to a proposed settlement is a significant factor, and the absence of objections is excellent evidence of the settlement's fairness and adequacy."); *In re United States Sugar Corporation Litigation*, 2011 WL 13173854, at *3 (S.D. Fla. Jan. 24, 2011) (granting final approval of the settlement where, "there have been no reported objections to the proposed Amended Settlement, despite notice and ample opportunity."); *see also*, *Nat'l Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (granting final approval of settlement, finding "[t]he absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement.").

Likewise, the absence of requests for exclusion from the Settlement further demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. SCS received no requests for exclusion. *See* Craig Suppl. Decl., Ex. A. The lack of exclusion requests supports the Settlement's approval. *See Fruitstone v. Spartan Race, Inc.*, 2021 WL 2012362, at *4 (S.D. Fla. May 20, 2021) (approving final settlement in class action where 8 out of 789,239 potential class members sought exclusion); *Walter Investment Management Corp.*, 2016 WL 10518902, at *4; *see also*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 0.56% of eligible class members requesting exclusion).

At Lead Counsel's direction, SCS carried out a thorough notice program in accordance with the Court's Preliminary Approval Order, directly notifying 23,399 potential Settlement Class

Members of the pending Settlement. Not a single investor objected to the Settlement, and nobody requested exclusion from it. "[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The lack of objections and minimal number of requests for exclusion further supports final approval.

**B.    The Reaction of the Settlement Class Also Supports Approval of the Requests for an Award of Attorneys' Fees, Reimbursement of Expenses, and Reimbursement of Lost Wages to Plaintiff**

A lack of objections to fee and expense requests supports the approval of the requested award. *See, e.g., Walter Investment Management Corp.*, 2016 WL 10518902, at *6-12 (awarding attorneys' fees of 33.3% despite objection from two class members); *see also*, *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award"). Here, not a single Settlement Class Member has objected to Lead Counsel's requests for an award of attorneys' fees of $33\frac{1}{3}$% of the Settlement Amount, reimbursement of $27,035 in litigation expenses incurred, and reimbursement of lost wages to Plaintiff of $1,500, which are less than or equal to the maximum figures (fees of up to one third of the Settlement Amount, and the same amount of expenses and reimbursement to Plaintiff) presented to potential Settlement Class Members in the Notice. Craig Decl., Ex. B at 1-2. The absence of requests for exclusion further demonstrates the positive reaction of the Settlement Class, which further supports awarding the requested fee and expense amounts. *See Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Accordingly, the Settlement Class's overwhelmingly positive reaction strongly supports the fairness and reasonableness of these requests.

**IV.    CONCLUSION**

For the foregoing reasons, and those set forth in Plaintiff's opening memoranda, the Court should grant Plaintiff's unopposed motions for final approval of the proposed Settlement and Plan of Allocation and for an award of attorneys' fees, reimbursement of expenses, and reimbursement of lost wages to Plaintiff.

3

Dated: October 3, 2023

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By:＿＿/s/ Laurence Rosen＿＿
Laurence M. Rosen
Fla. Bar No. 0182877
Jonathan Stern (admitted *pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Phone: 212-686-1060
Fax: 212-202-3827
Email: lrosen@rosenlegal.com
        jstern@rosenlegal.com

Class Counsel

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, October 3, 2023 a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

[/s/ ]