UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-23303-ALTMAN/Reid

**JERALD VARGAS MALESPIN**,
*on behalf of himself and others
similarly situated*,

     *Plaintiff*,

v.

**LONGEVERON INC.** *et al.*,

     *Defendants*.

_____/

## ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

On August 13, 2021, Jerald Vargas Malespin filed this securities class action (the "Action") against Longeveron, Inc., a "clinical stage biotechnology company that develops cellular therapies for aging-related and life-threatening conditions." Complaint [ECF No. 1] at 2. Malespin alleged that Longeveron had misrepresented the efficacy of a new treatment, which in turn caused the initial public offering ("IPO") stock price to drop precipitously. *See id.* at 3-4. On April 26, 2022—roughly eight months later—the new Lead Plaintiff, John Bosico,[1] filed an Amended Complaint [ECF No. 27]. The crux of the allegations was the same. Specifically, the Plaintiff alleged that "in the IPO and thereafter, Longeveron touted the tremendous potential of Lomecel-B," one of its cell-based therapy products, despite disappointing clinical studies. Amended Complaint at 4–5. As a result, he continued, Longeveron's IPO stock price decreased by 61%. *Id.* at 5. The Plaintiff brought his "claims against the Defendants under the Securities Act of 1933 and the Securities Exchange Act of 1934." *Id.* at 2.

---

[1] We approved a motion to replace Malespin with John Bosico as Lead Plaintiff. *See* February 4, 2022, Order [ECF No. 22].

1

After extensive arm's-length negotiations, the parties filed a Notice of Settlement [ECF No. 40], informing us that they had "reached a binding agreement to settle this case." They then filed a Motion for Preliminary Approval of a Proposed Class Action Settlement [ECF No. 43]. We denied that motion without prejudice on March 31, 2023, because the plan did not provide enough time for class members to object to the attorneys'-fees request *before* they would have to object to the settlement itself, as required by *Johnson v. NPAS Sols., LLC*, 975 F. 3d 1244, 1252 (11th Cir. 2020). *See* March 31, 2023, Order [ECF No. 47]. In response, the parties filed a Stipulation and Agreement of Settlement [ECF No. 48] (the "Settlement Stipulation") and a Renewed Motion for Preliminary Approval of Proposed Class Action Settlement [ECF No. 49]. On May 12, 2023, we granted that renewed motion and (i) preliminarily certified (for settlement purposes only) a class of plaintiffs with respect to the claims asserted in the Action; (ii) preliminarily approved the proposed settlement; (iii) appointed the Class Representative; (iv) appointed Class Counsel; (v) appointed the Class Administrator; and (vi) set the date and time of the Final Approval Hearing. *See generally* Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement [ECF No. 53] ("Preliminary Approval Order").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, 1711–15, the Class Administrator served written notice of the proposed settlement, as directed. *See generally* Declaration of Margery Craig [ECF No. 57-2]. The Plaintiff gathered the resulting data and filed *both* his Motion for Final Approval of Class Action Settlement [ECF No. 57] ("Motion for Final Approval") *and* his Renewed Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [ECF No. 58] ("Motion for Attorneys' Fees"). Notably, no class member opted out of the settlement or objected to its terms. *See* Motion for Final Approval at 2.

We held the Final Approval Hearing on October 10, 2023, to determine whether (1) the terms and conditions of the Settlement Stipulation are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Settlement

2

Stipulation), including the release of the Released Claims against Released Parties, and should be approved; (2) judgment should be entered dismissing the Action with prejudice; (3) we should approve the proposed plan of allocation as a fair and reasonable method to allocate the net settlement fund among Settlement Class Members; (4) Lead Counsel should be awarded fees and reimbursement of expenses (and, if so, in what amount); and (5) the Lead Plaintiff should be reimbursed for his reasonable costs and expenses directly related to his representation of the Settlement Class (and, if so, in what amount). Again, we heard from no objectors.

Having studied the Settlement Stipulation, the Motion for Final Approval, and the Motion for Attorneys' Fees, and having carefully considered the record of these proceedings, we now **GRANT** the Motion for Final Approval [ECF No. 57], **GRANT** the Renewed Motion for Attorneys' Fees [ECF No. 58], and **ORDER AND ADJUDGE** as follows:

**TERMS**: All capitalized terms herein have the same meanings as defined in the Settlement Stipulation.

**JURISDICTION**: The claims asserted in the Action arise under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. § 240.10b-5). We have jurisdiction over the subject matter of the Action under 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

**CERTIFICATION OF SETTLEMENT CLASS**: Pursuant to Rules 23(a) and 23(b)(3), we find that the prerequisites for a class action have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all such Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Claims of the Lead Plaintiff are typical to the claims of the Settlement Class he seeks to represent; (d) the named Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to

the members of the Settlement Class predominate over any questions affecting only individual Members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action. We thus certify the Settlement Class for settlement purposes only.

**CERTIFICATION OF THE ACTION AND DEFINITION OF THE CLASS**: We certify this Action as a class action for purposes of the Settlement, under Rule 23(a) and (b)(3), on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired Longeveron, Inc. Securities: (1) pursuant and/or traceable to the February 12, 2021, IPO; and/or (2) from February 12, 2021, through August 12, 2021 (the "Settlement Class Period"), and excluding (i) Opt-Outs (i.e. those persons who filed valid and timely requests for exclusion from the Settlement Class); (ii) Persons with no compensable losses; and (iii) the Defendants, the present and former officers and directors of Longeveron, EF Hutton, division of Benchmark Investments, LLC f/k/a Kingswood Capital Markets, and Alexander Capital L.P. and any subsidiary thereof, during the Settlement Class Period, and the immediate family members, legal representatives, heirs, successors, or assigns of such excluded Persons and any entity in which any excluded Person has or had a controlling interest. These are the "Settlement Class Members."

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT**: Pursuant to Rule 23, we certify John Bosico as Class Representative and the Rosen Law Firm, P.A., as Settlement Class Counsel ("Class Counsel"). The Class Representative and Class Counsel have fairly and adequately represented the Settlement Class and satisfied the requirements of Rule 23(g).

**NOTICE TO THE CLASS**: In accordance with our Preliminary Approval Order [ECF No. 53], we find that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions (1) met the requirements of due process under Rule 23, § 27 of the Securities Act (15 U.S.C. § 77z-1(a)(7)), and Section 21D(a)(7) of the Exchange Act (15 U.S.C. § 78u-4(a)(7)), as

amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) constituted the best notice practicable under the circumstances; and (3) constituted due and sufficient notice of these proceedings and the matters herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved of the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based on the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the Final Approval Hearing. None did. We also find that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, all Settlement Class Members are bound by this Order and Final Judgment.

**APPROVAL OF THE SETTLEMENT**: We find that the Settlement is in all respects fundamentally "fair, reasonable, adequate." FED. R. CIV. P. 23(e)(2). We arrive at this conclusion after having considered the Settlement through the lens of the following Rule 23(e)(2) factors:

A. the class representatives and class counsel have adequately represented the class;

B. the proposal was negotiated at arm's length;

C. the relief provided for the class is adequate, taking into account;

   a. the costs, risks, and delay of trial and appeal;

   b. the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   c. the terms of any proposed award of attorneys' fees, including timing of payment; and

   d. any agreement required to be identified under Rule 23(e)(3); and

D. the proposal treats class members equitably relative to each other.

As for (A), we note that the "[Lead] Plaintiff has no antagonistic interests to other class members, his claims are typical of Settlement Class Members' claims, and [he] shares an interest with

5

the other Settlement Class Members in obtaining the largest possible recovery for the Settlement Class." Motion for Final Approval at 6. Furthermore, the Lead Plaintiff has "worked closely with Lead Counsel throughout the pendency of this [Action] to achieve the best possible result for himself and the Settlement Class." *Ibid.* And Lead Counsel have been "involved in this case since November 2021" and have "conducted a thorough investigation," "engaged in lengthy settlement discussions," "moved for preliminary approval," and "filed . . . the motion for final approval." *Ibid.* "Lead counsel are experienced securities class action attorneys who are knowledgeable and capable of evaluating cases to determine when a settlement would be beneficial to the class, and when to continue litigating." *Ibid.*; *see also* The Rosen Law Firm P.A. Biography [ECF No. 57-3].

As for (B), the Settlement is a product of arm's length negotiations that occurred in the context of a "thorough review of Longeveron's securities filings and publicly available information concerning the Company" and the filing of an amended complaint. *Id.* at 7. Also, "counsel on *both* sides of this Action are experienced and knowledgeable when it comes to litigating complex, securities class actions." *Ibid* (emphasis added). We've already discussed Lead Counsel's reputation in this field, but "Defendants' counsel, Bois Schiller Flexner LLP, is [also] a preeminent firm with skilled securities litigation practitioners, who vigorously represented their clients and was equally knowledgeable about the merits of the case." *Ibid.*

With regards to (C), the relief provided for the Class is adequate, especially given that Longeveron's current stock price is $1.65 (only 16.5% of its IPO price). Had this case moved forward, there is no guarantee that the Plaintiff would have recovered anything given the inherent complexity of securities actions, Longeveron's defenses, the unpredictability of a jury trial, and the possibility for a reversal on appeal. Instead, the Settlement Class will be compensated for their losses through this "all-cash recovery," and each Member will be "treated fairly and in a similar manner—each recovering their *pro rata* share of the Net Settlement Fund"—by an experienced Claims Administrator, Strategic

6

Claims Services. *See id.* at 9, 15. And the requested attorneys' fees and costs are also fair and reasonable. *See infra* at 12–13.

Finally, as to (D), the proposed Settlement does not unjustly favor any Settlement Class Member, including the Lead Plaintiff. The Net Settlement Fund will be distributed to "Authorized Claimants who suffered losses on their transactions in Longeveron securities during the Settlement Class Period, based on when each investor purchased, acquired, and/or sold Longeveron securities. . . . All Settlement Class Members' recoveries will be based upon the relative losses they sustained." *Id.* at 16. The Lead Plaintiff will be reimbursed for "costs incurred representing the Settlement Class," as authorized by the PLSRA.[2] *Ibid.* That there have been no requests for exemption from (or any objections to) the Settlement is further evidence of how beneficial it is to the Settlement Class Members. *See id.* at 17.

The parties are thus directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

**OBJECTIONS AND EXCLUSIONS**: The Settlement Class Members were given an opportunity to object to the Settlement (or to opt out). None did so.

**RELEASE OF CLAIMS AND DISMISSAL OF ACTION**: The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

The Releasing Parties, on behalf of themselves, their successors and assigns, and any other

---

[2] Under 15 U.S.C. 78u-4(a)(4), courts may award "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." Because the Lead Plaintiff has spent 15 hours assisting with the litigation, he is entitled to compensation for his corresponding lost wages at his regular rate of $100/hour (or $1,500 total) as a freelance computer consultant. *See* Motion for Final Approval at 19–20.

Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

The Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representative, Settlement Class Members, and Class Counsel from all Claims which arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants (the "Defendant Released Claims"), and shall be permanently enjoined from prosecuting the Defendant Released Claims against the Class Representative, Settlement Class Members, and Class Counsel. Nothing herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred, and restrained from bringing, commencing, prosecuting, or asserting any claims, actions, or causes of

8

action for contribution, indemnity, or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to, or concerning such Persons' participation in any acts, facts, statements, or omissions that were or could have been alleged in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, third-party claims, or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Finally, nothing in the Settlement Stipulation or this Order and Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

**PLAN OF ALLOCATION**: We find that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

**RULE 11 AND PSLRA**: We find that all Parties and their counsel have complied with all requirements of FED. R. CIV. P. 11 and the PSLRA.

**FINAL APPEALABLE ORDER**: Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them:

    a. is or may be deemed to be, or may be used as, an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Class Representative, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of the Defendants, the Released Parties, or any of them;

b. is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Defendants or Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

c. be deemed to be or shall be used, offered or received against the Parties, Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Class Representative or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d. is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Defendants, or the Released Parties, or each or any of them, that any of the Class Representative's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than, or greater than the amount which could have or would have been recovered after trial.

The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**ESCROW FUNDS**: Except as otherwise provided here or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or by an order of this Court.

**RETENTION OF JURISDICTION**: Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

Without further order of the Court, the Defendants and Class Representative may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

**ENTRY BY CLERK OF THE COURT**: There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly **DIRECTED** pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**ATTORNEYS' FEES AND CLASS REPRESENTATIVE REIMBURSEMENT**: The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that we may make on Class Counsel's application for an award of attorneys' fees and expenses or an award to the Class Representative.

Class Counsel are hereby awarded $465,833.33[3] in attorneys' fees from the Net Settlement Fund, which we find to be fair and reasonable, and $27,035 in reimbursement of expenses. The Defendants shall have no responsibility for any allocations of attorneys' fees and expenses and shall have no liability to Class Counsel or any other person in connection with the allocation of attorneys'

---

[3] This is one-third of the Net Settlement Fund.

11

fees and expenses. And the Class Representative is hereby awarded $1,500 as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class. *See supra* at 7 n.2.

We determine that the award of attorneys' fees is appropriate by applying the following twelve factors from *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991):

1. the time and labor required;
2. the novelty and difficulty of the questions involved;
3. the skill requisite to perform the legal service properly;
4. the preclusion of other employment by the attorney due to acceptance of the case;
5. the customary fee;
6. whether the fee is fixed or contingent;
7. time limitations imposed by the client or the circumstances;
8. the amount involved and the results obtained;
9. the experience, reputation, and ability of the attorneys;
10. the undesirability of the case;
11. the nature and length of the professional relationship with the client; and
12. awards in similar cases.

First, "Class Counsel expended over 417.71 hours" on this case. Motion for Attorney's Fees at 7. Second, this was a highly complex case because the Plaintiffs were "required to not only contend with the complexities of the securities laws, but also the intricacies of Longeveron's experimental medical treatments, FDA regulations, and complex questions of statistical analysis." *Ibid.* Third, to litigate such a claim required zealous and skillful advocacy only an experienced firm like The Rosen Firm could provide, especially when litigating against Boies Schiller Flexner LLP. *Id.* at 10. Fourth, the Rosen Firm couldn't use the 417.71 hours it devoted to this case on other matters. Fifth, "[t]he

'customary' fee in a class action of this nature is a contingency fee because virtually no individual possesses a sufficiently large stake in the litigation to justify paying his attorneys on an hourly basis." *Ibid.* Sixth, the results obtained here are highly favorable to the Settlement Class. *See supra* at 7. Seventh, the Plaintiff faced significant time limitations in that Longeveron's stock price has continued to drop during the Action such that a delay in resolving the case may have meant that the Plaintiff recovered nothing. Eighth, this is not one of the more lucrative securities class actions Class Counsel could undertake, meaning that they should be rewarded for having taken it on at all. Ninth, both firms are quite experienced. Tenth, this was not a particularly desirable case for the reasons mentioned in factors (7) and (8). Eleventh, Class Counsel and the Lead Plaintiff had no prior relationship. Twelfth, attorneys' fees of one-third the Net Settlement Fund are in keeping with similar cases. *See* Motion for Attorneys' Fees at 6–7 (listing cases).

**WHEN THE SETTLEMENT WOULD BE NULL AND VOID**: In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed prior to March 27, 2023, pursuant to the terms of the Settlement Stipulation.

\*\*\*

After careful review, therefore, we hereby **ORDER and ADJUDGE** that

1) The Motion for Final Approval [ECF No. 57] is **GRANTED**; and
2) The Renewed Motion for Attorneys' Fees [ECF No. 58] is **GRANTED**.
3) This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on October 16, 2023.

                                                                                         **ROY K. ALTMAN**
                                                                                         **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record